[No. 6,618.—Department Two.]

# CHARLES E. PICKETT *v.* WILLIAM T. WALLACE
## ET AL.

COMPLAINT — JUDICIAL ACT—CONTEMPT. — A complaint claiming damages, and stating in substance that the defendants sitting as the Supreme Court, and knowing that the plaintiff had not committed a contempt, and not having acquired jurisdiction over his person, falsely, willfully, and maliciously adjudged him guilty of contempt, and ordered and caused his imprisonment, does not state a cause of action.

APPEAL from a judgment in the Twenty-third District Court, City and County of San Francisco. THORNTON, J.

The following is a copy of an order entered on the 6th day of August, 1874:

" *In the Supreme Court of the State of California.*

"THURSDAY, August 6th, 1874.

" Court met at eleven o'clock, pursuant to adjournment. Present, Hon. W. T. WALLACE, C. J., J. B. CROCKETT, J., A. C. NILES, J., E. W. McKINSTRY, J.  GRANT I. TAGGART, Clerk.  THOS. F. O'CONNOR, Bailiff.

" The Court having met pursuant to adjournment, the Judges proceeded to their respective seats upon the Bench.  Charles E. Pickett, being then present in the court-room, suddenly obtruded himself upon the Bench, and into the chair of Crockett, J., and announced that he had as good a right to occupy a seat upon the Bench of said Court as the said Crockett had, and the said Pickett thereupon, being commanded by the Chief Justice to leave the said chair, peremptorily refused to do so, and was subsequently removed therefrom by actual force.

" Whereupon, it is now here by the Court adjudged that the said Charles E. Pickett is guilty of a contempt of this Court, committed in its immediate presence, by unlawfully interfering with its proceedings in manner aforesaid, and by disorderly, contemptuous, and insolent behavior towards the Court and the Judges thereof then present as aforesaid, it is now here ordered and adjudged by the Court, that for such, his contempt aforesaid, he, the said Charles E. Pickett, shall suffer imprisonment by close confinement in the common jail of the city and county of San Francisco for the period of five days, and further, that

he pay a fine of five hundred dollars, and that if the said fine be not paid at the expiration of said five days' imprisonment, then it is further ordered, adjudged, and decreed, that the said Charles E. Pickett be imprisoned and kept in close confinement in said common jail until the said fine be paid, provided that such imprisonment for the non-payment of said fine may extend to, but shall not exceed, one day for every two dollars of the fine due from him, the said Charles E. Pickett, and that a warrant and writ of execution do forthwith issue, directed to the sheriff of the city and county of San Francisco, commanding him to carry the aforesaid judgment into effect.

"And the said Charles E. Pickett being still present, and having been adjudged guilty of the contempt of the Court aforesaid, in manner and form aforesaid, and the judgment of the Court in that behalf having been then and there announced in open Court, he, the said Charles E. Pickett, then and there insolently and contemptuously used and addressed to the Court then and there, being in open session, the following language in reference to the said judgment, to wit, 'I defy your authority.'

"Whereupon and before committing the said Charles E. Pickett into the custody of the sheriff, it is now here adjudged that the said Charles E. Pickett is guilty of a further contempt of this Court committed in its immediate presence, by reason of the disorderly, contemptuous, and insolent behavior and language towards the Court and the judges thereof, as last aforesaid, and that for such, his contempt last aforesaid, he shall suffer imprisonment by close confinement in the said common jail for the further period of five days, and that he pay a fine in the further sum of five hundred dollars.

"It is therefore ordered that the said Charles E. Pickett be committed into the custody of the sheriff of the city and county of San Francisco, to be by him imprisoned and kept in close confinement in the common jail of said city and county of San Francisco for the last-mentioned space of five days, and until he pay the said last-mentioned sum of five hundred dollars, and that if said last-mentioned fine be not paid at the expiration of said last-named five days' imprisonment, then and in that case it is ordered that the said Charles E. Pickett be further imprisoned until said last-mentioned fine be paid, provided such im-

prisonment shall not exceed one day for each two dollars of said fine last aforesaid adjudged.

"The imprisonment for the contempt last aforesaid to commence at the expiration of the imprisonment for the contempt adjudged firstly aforesaid."

*Charles E. Pickett* in proper person, for Appellant.

*Wilson & Wilson*, for Respondents McKinstry and Crockett, and *Delos Lake*, for Respondents Wallace and Niles.

The COURT:

Defendants demurred to the complaint; the demurrer was sustained, and plaintiff failing to amend, judgment went for defendants. Plaintiff appealed.

The complaint contains two counts. In each count the acts complained of were committed while the defendants were sitting as the Supreme Court of this State. In substance, the complaint is that the defendants, sitting as a Court, knowing that he had not committed a contempt, and not having acquired jurisdiction over his person, falsely, willfully, and maliciously adjudged the plaintiff guilty of contempt, and ordered his imprisonment. The plaintiff asked judgment against defendants for $100,000 damages.

We are not aware of any principle upon which this action can be maintained. There is no question but that the Supreme Court of this State had jurisdiction to adjudge as to contempts, and to punish therefor. It therefore had jurisdiction of the subject-matter. In the recent case of *Turpen* v. *Booth*, 56 Cal. 65, we had occasion to consider a case similar to this in principle, and in which we referred to the decision of the Supreme Court of the United States in *Bradley* v. *Fisher*, 13 Wall. 334, where it was held that judges of courts of record of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when the acts are in excess of their jurisdiction, and are alleged to have been done corruptly and maliciously.

We are of opinion that the complaint shows upon its face that plaintiff had no cause of action against the defendants, and that the demurrer was properly sustained.

Judgment affirmed.