People *ex rel.* Attorney General *v.* Phœnix—Downer *v.* Lent.

the Court of Sessions, and the use of this word so far alters the tenure or duration of the office, that the coroner can only discharge the duties until the Court of Sessions act upon the subject of the vacancy.

The Act of February 28, 1855, as well as the twentieth section of the Act of the 20th of March, 1855, "To create a Board of Supervisors in the various counties of this State," have no bearing on this question, further than to transfer this power of appointment from the Court of Sessions, a tribunal that could not constitutionally exercise the power, and confer it upon the Board of Supervisors.

Judgment affirmed, with costs.

## DOWNER *v.* LENT *et als.*

The Board of Pilot Commissioners is a *quasi* judicial body, entrusted with duties, the performance of which requires the exercise of judgment and discretion; and its members are not civilly answerable for their acts as such.

Wherever the law is obliged to trust to the sound judgment and discretion of an officer, public policy demands that he should be protected from any consequences of an erroneous judgment.

APPEAL from the Superior Court of the City of San Francisco.

The complaint sets forth that the plaintiff was duly appointed and qualified as a Pilot for the Port of San Francisco, on June 17th, 1854. That on the 27th of July following, the defendants, who in the meantime had been appointed and qualified as the Board of Pilot Commissioners, and acting as such Board, notified plaintiff to surrender his license, and on the 8th of August following, published in a San Francisco newspaper the following notice :

"Consignees' Notice.—To Shipmasters and Consignees.—Notice is hereby given that Capt. Thomas P. Downer is no longer authorized to act as Pilot for this Port.

"Per order of the Pilot Commissioners,

"JAMES M. WILSON, Secretary.

"August 8, 1854."

All of which, the complaint, in a second count, alleges was done by defendants wrongfully and maliciously, and with knowledge of plaintiffs' rights, with intention to injure plaintiff and to deprive him of the benefits and emoluments of his franchise, and to his damage and injury in the sum of $2,500, for which sum he prays judgment.

No malice is averred in the first count. The defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action—specifying among other grounds of objection, that the defendants were not liable in their individual capacity for the exercise of their discretion as a Board of Pilot Commissioners, and

that it appeared by the complaint that the acts complained of were done by defendants as such Board.

The demurrer was overruled, and the defendants answered. The cause was tried before a jury, who found a verdict for the plaintiff for $2,000. Defendants moved for a new trial, which was denied, and judgment entered upon the verdict. Defendants appealed.

*John S. Hager* and *Jo. G. Baldwin* for Appellants.

The Board of Pilot Commissioners are public officers of this State, and not liable personally for error in judgment.

Kendall *v.* Stokes, 3 How., U. S., 87, 97; Wilson *v.* Mayor of N. Y., 1 Denio, 595; Lord Palmerston's Case, 3 B. and B., 275; 7 Eng. Com. L., 434; Yates *v.* Lansing, 5 Johns R., 282; Seaman *v.* Patten, 2 Caines, 312; 3 U. S. Dig., p. 71, § 16.

The *gravamen* of the complaint is not the action of the Board in revoking the plaintiff's license, but it consists in their causing the notice thereof to be published.

No malice is averred. Therefore if the action be maintainable at all, it must be on this principle; that a board of public officers, possessing discretionary powers, acting without malice, may be held *civiliter* to answer for the unauthorized removal of an officer, or for the public announcement of their action. The immunity of public officers for official error is not confined to judicial officers, nor to cases short of want of jurisdiction. Macbeth *v.* Haldimand, 1 T. R., 172; —— *v.* Wolsey, 1 T. R., 674.

The authorities to which we have referred establish this principle— that the functions of a public officer, being discretionary, are, as if *judicial*, entitled to the same immunity as are judicial acts. In this case the action of the Board was clearly of a judicial nature, as they had to decide whether the plaintiff was in office; whether he was entitled to be in office; and whether there had occurred such facts as justified his removal.

*Gregory Yale* for Respondents. No brief on file.

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

It is beyond controversy, that the power of the Board of Pilot Commissioners is *quasi* judicial, and they are not civilly answerable. They are public officers to whom the law has entrusted certain duties, the performance of which requires the exercise of judgment. They are unlike a ministerial officer, whose duties are well defined, and who must fail to execute them properly at his own peril.

Whenever, from the necessity of the case, the law is obliged to trust to the sound judgment and discretion of an officer, public policy demands that he should be protected from any consequences of an erroneous judgment.

The Court erred in refusing to sustain the demurrer to the declaration, and the judgement is reversed.