[No. 6,866.—Department Two.]

## SOLOMON TURPEN v. L. M. BOOTH ET AL.

GRAND JUROR—INJURY—ACTION.—A grand juror is not responsible in a civil suit for his action on the grand jury, however erroneous it may be, and however malicious the motive which produced it.

APPEAL from a judgment for the defendants, in the Fifth District Court, County of Stanislaus. BOOKER, J.

*W. E. Turner*, and *D. S. Terry*, for Appellant.

*G. W. Schell*, for Respondents.

MORRISON, C. J.:

The complaint in this case avers, that in the month of March, 1877, the defendants, and each of them, were duly, legally, and in the manner and form prescribed by law, regularly impanneled and sworn by the County Court of Stanislaus County, to serve

as grand jurors for the term. That they, and each of them, took the oath prescribed by law, that "they would present no person *through malice, hatred, or ill-will*," but that notwithstanding said oath, the defendants, and each of them, willfully disregarding such oath, and being actuated and influenced by a desire, and with a determination, to forever blast, tarnish, and ruin the good name and reputation theretofore held and enjoyed by the plaintiff among his fellows and acquaintances, did willfully, wantonly, and maliciously conspire together, and under the pretense of doing and performing their duties as members of said grand jury, pretend to receive and hear evidence against the plaintiff in a certain matter wherein the plaintiff was charged with illegal voting at the general election held in this State on the 7th day of November, 1876. And after the hearing of such evidence, notwithstanding they, as such grand jurors, were positively instructed by the law officer of the county that no indictment could lie against the plaintiff upon said evidence, and that according to the evidence no crime whatever had been committed, and that no conviction could be had thereon, and notwithstanding the fact that no evidence had been produced, testified to, or heard before said defendants as such jury, in any manner implicating the plaintiff in the commission of said or any crime, these defendants as such grand jury, collectively and individually, willfully, falsely, and fraudulently, and without probable cause, and being possessed of actual malice and ill-will against this plaintiff, and for the sole purpose as aforesaid, corruptly did pretend to find a true bill and indictment against this plaintiff for falsely and illegally voting, etc., and such indictment was duly presented by the foreman of the grand jury, and was filed according to law.

"That said defendants, as such grand jurymen, well knew at the time there was accessible to them an overwhelming amount of testimony which would clearly show that the charge of illegal voting against this plaintiff was false and malicious, and without any foundation whatever; but they, so that they might the easier carry out their malicious design upon plaintiff, willfully and maliciously refused to call in or hear said testimony. That upon the indictment so found and presented by the defendants, the plaintiff was tried and acquitted, the trial jurors not leaving their seats."

We have stated sufficient averments of the complaint to show that the action is brought for the recovery of damages by a person against whom an indictment was found by the defendants acting as grand jurors of the County of Stanislaus, the *gravamen* of the action being the *malicious* conduct of said defendants in finding and presenting such indictment.

It is claimed in the first place that the evidence upon which the defendants found the indictment was insufficient to justify such a finding; and in the second place, it is charged that there was exculpatory evidence which they refused to hear. The case presents the simple question, whether a grand juror is answerable civilly for damages for an act done by him as such grand juror, in a case where he acts upon insufficient evidence, and with a desire maliciously to injure the party against whom the indictment is found. The question is an interesting one, and this is the first case in which it has been presented in the Supreme Court of this State.

It is claimed on behalf of the defendants, that they are not liable, because the statute so declares; and that, independent of any statute on the subject, they are exempt from all liability by the principles of the common law.

Section 927 of the Penal Code provides that " a grand juror cannot be questioned for anything he may say or any vote he may give in the grand jury relative to a matter legally pending before the jury, except for perjury of which he may have been guilty, in making an accusation or giving testimony to his fellow-jurors."

The plain import and meaning of the above language is, that no grand juror shall be held liable for damages in a civil action for anything done by him in the grand-jury room, and this is but a statutory declaration of the principle as it existed at common law. In Wharton's American Criminal Law, vol. i, § 509, it is said, that " in no case can a member of a grand jury be obliged or allowed to testify or disclose in what manner he or any other member of the jury voted on any question before them, or what opinions were expressed by any juror in relation to any such question."

" The secret inquisitorial proceedings of the grand jury may, as they often have, work very oppressively and unjustly; for,

only so far as guarded and restrained by an oath, their action is generally irresponsible and conclusive in finding an indictment. During the whole of their proceedings, they are protected in the discharge of their duty, and no action or prosecution can be maintained, *no matter how they may be actuated by malice or indiscretion."* (Proffatt on Jury Trial, § 55.)

" Nor can an action be maintained against *a juryman,* or the Attorney-General, or a superior military or naval officer, for an act done in the execution of his office, and within the purview of his general authority." (1 Chitty on Pleading, 89.)

" But I prefer to place the decision on the broad ground, that no public officer is responsible in a civil suit for a judicial determination, however erroneous it may be, and however malicious the motive which produced it. Such acts, when corrupt, may be punished criminally, but the law will not allow malice and corruption to be charged in a civil suit against such an officer for what he does in the performance of a judicial duty. The rule extends to judges, from the highest to the lowest, *to jurors,* and to all public officers, whatever name they may bear, in the exercise of judicial power. It of course applies only when the judge or officer had jurisdiction of the particular case, and was authorized to determine it. If he transcends the limits of his authority, he necessarily ceases, in the particular case, to act as a judge, and is responsible for all consequences. But with these limitations, the principle of irresponsibility, so far as respects a civil remedy, is as old as the common law itself. The authorities on this subject are almost innumerable." ( *Weaver* v. *Devendorf,* 3 Denio, 120, 121; and the numerous authorities there referred to.)

The recent case of *Bradley* v. *Fisher,* 13 Wall. 335, is a very learned and instructive one on this question. That was an action brought by Bradley against Judge Fisher to recover damages alleged to have been sustained by the plaintiff, " by reason of the willful, malicious, oppressive, and tyrannical acts and conduct of the defendant, whereby the plaintiff was deprived of his right to practice as an attorney in the Supreme Court of the District of Columbia."

The plaintiff used some threatening language to the defendant, out of court, for his conduct as judge, pending the trial of a

cause, and the defendant therefore struck the plaintiff's name from the roll of attorneys practicing in that court. Justice FIELD, in delivering the opinion of the Court, carried this principle of exemption to its utmost limits, and beyond the limit laid down by the Supreme Court of New York in the case in 3 Denio, 120. The Supreme Court of the United States there held, "that judges of courts of record of superior or general jurisdiction are not liable to civil actions for their judicial acts, *even when such acts are in excess of their jurisdiction*, and are alleged to have been done maliciously and corruptly; a distinction as to their liability being made between acts done by them in excess of their jurisdiction and acts done in the clear absence of all jurisdiction over the subject-matter."

The case of *Downer* v. *Lent*, 6 Cal. 94, is also in point. The Court says: "It is beyond controversy that the power of the Board of Pilot Commissioners is *quasi*-judicial, and that they are not civilly answerable. They are public officers to whom the law has intrusted certain duties, the performance of which requires the exercise of judgment."

This is equally true of grand jurors. They have certain duties to perform under the law of a *quasi*-judicial character, and in the performance of such duties the law invests them with judgment and discretion. The grand jury was an essential part of the machinery of the County Court. They were not volunteers, but were engaged in the performance of a duty that was compulsory. In finding the indictment complained of, they acted within the legitimate sphere of their duty, and cannot be held civilly responsible. What is said by the learned judge in the case of *Scott* v. *Stansfield*, Law R. 3 Ex. 220.—" this provision of the law is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public whose interest it is that the judges should be at liberty to exercise their functions with independence, and without fear of consequences "—is applicable to this case.

To hold grand jurors liable for damages in civil actions would be against the policy of the law, and we find no authority in the adjudged cases for so holding.

Judgment affirmed.

THORNTON, J., and MYRICK, J., concurred.