[L. A. No. 5217. In Bank.—December 31, 1917.]

## COUNTY OF SANTA BARBARA, Appellant, v. DOMENICA L. JANSSENS et al., Respondents.

OFFICE AND OFFICER—SALARIES AND COMPENSATION—SHERIFFS—CARE OF FEMALE PRISONERS IN COUNTY JAILS—UNAUTHORIZED PAYMENT BY COUNTY—ACTION TO RECOVER.—Under section 4290 of the Political Code, declaring that the salaries provided in the title in which that section is found shall be in full compensation for all services of every kind rendered by the officers named in that title (which includes sheriffs), their deputies and assistants, and further providing that all deputies employed shall be paid by their principals out of their salaries, a woman designated by the sheriff of a county to have the immediate care of female prisoners in a county jail, under the provisions of section 1616 of the Penal Code, as enacted in 1911, is an assistant of the sheriff performing a part of the duties imposed by law upon him, and, whether "appointed" or "designated," she has no valid claim against the county for services rendered by her.

ID.—CARE OF FEMALE PRISONERS—ACTION BY COUNTY TO RECOVER COMPENSATION PAID WITHOUT AUTHORITY.—Money paid by a county to a woman designated by the sheriff of a county to have the immediate

care of female prisoners in a county jail, under the provisions of section 1616 of the Penal Code, before the amendment of that section by Statutes of 1917, page 240, was without authority of law, and recoverable by action under section 4005b of the Political Code.

ID.—APPROVAL OF CLAIM BY SHERIFF—SHERIFF AND SURETY NOT LIABLE. Although the sheriff approved and requested the allowance of such claim by the board of supervisors, the money which was paid without authority of law was not paid to him, and neither the sheriff nor his surety was liable in an action brought to recover the amount under section 4005b of the Political Code.

APPEAL from a judgment of the Superior Court of Santa Barbara County. Samuel E. Crow, Judge.

The facts are stated in the opinion of the court.

Ulysses S. Webb, Attorney-General, Eugene W. Squier, District Attorney, Frederick H. Shauer, Deputy District Attorney, and George H. Gould, for Appellant.

Canfield & Starbuck, for Respondents.

SLOSS, J.—Demurrers to the complaint as amended having been sustained, and the plaintiff declining to further amend, judgment was entered in favor of the defendants. From this judgment the plaintiff appeals.

The facts alleged, taken in connection with certain statutory provisions, present this situation: The defendant Nat Stewart was sheriff of the county of Santa Barbara for a term commencing on the second day of January, 1912. The defendant the Title Guaranty and Surety Company was the surety on Stewart's official bond. When Stewart took office his salary as sheriff was fixed by the Political Code at six thousand dollars per annum. (Sec. 4246, subd. 2, amended 1909.) Section 4290 of the same code provided that "the salaries and fees provided in this title shall be in full compensation for all services of every kind and description rendered by the officers named in this title . . . , their deputies and assistants, . . . and all deputies employed shall be paid by their principals out of the salaries provided in this title, unless in this title otherwise provided." There was no provision for payment by the county of any compensation to the deputies or assistants of the sheriff.

Section 1616 was added to the Penal Code by act approved April 15, 1911, after the commencement of Stewart's term. This section reads: "Whenever any female prisoner or prisoners are confined in any county jail in this state, and no regular jail matron has been appointed, there shall be designated by the sheriff some suitable woman who shall have immediate care of such female prisoner or prisoners. Such female prisoners shall be so kept that they cannot see or be seen by, or converse with, any male prisoners confined in said jail, and it shall be unlawful for any male officer or jailer to search the person of any female prisoner, or to enter into the room or cell occupied by any female prisoner, except in the company of such matron or woman having the care of such female prisoner."

During the years 1912, 1913, and 1914 there were female prisoners confined in the county jail of said county, and no regular jail matron had been appointed to have care of them. The defendant Stewart, as sheriff, designated the defendant Domenica L. Janssens to have the immediate care of said female prisoners, and she performed the required duties in reference to the female prisoners so confined. Thereafter she presented for payment claims against the county for her services, and said claims, which aggregated $1,249, were passed and allowed by the board of supervisors Warrants for the amount of such claims were drawn by the auditor of said county, and the amounts paid by the treasurer to Mrs. Janssens. Each of the claims was indorsed, "O. K., R. D. Smith," or "O. K., R. D. Smith, Under Sheriff." It is alleged that Stewart as sheriff requested the board of supervisors to allow the claims, and that R. D. Smith was a deputy of Stewart, and as such deputy approved in writing the claims as correct.

By the prayer of its complaint, the county seeks judgment against the defendants for $1,249, the aggregate of such demands, together with twenty per cent damages for the use of said money, and for costs. (Pol. Code, sec. 4005b.)

We think the appellant is right in its contention that Mrs. Janssens had no valid claim against the county for the services rendered by her. The question turns, primarily, upon a determination of the legislative intent in. enacting Penal Code, section 1616, but a glance at some of our decisions touching the effect of article XI, section 9, of the constitution

may be of aid in the task of interpretation. The constitutional provision is that "the compensation of any county . . . officer shall not be increased after his election or during his term of office." Where, as in the case of the sheriff of Santa Barbara County, the law allows a fixed salary, which shall be in full compensation for all services rendered by the officer, and provides that all deputies employed shall be paid by the principal out of such salary, a statute authorizing the appointment of a new deputy, to be paid out of the county funds, works an increase of the principal's compensation. (*Dougherty* v. *Austin,* 94 Cal. 601, [16 L. R. A. 161, 28 Pac. 834, 29 Pac. 1092] ; *County of Calaveras* v. *Poe,* 167 Cal. 519, [140 Pac. 23].) Such an increase would, it seems clear, be effected by section 1616, if that section had undertaken to put upon the county the burden of paying for the services of the woman to be designated. We may concede, as is claimed by the respondents, that the constitution does not prohibit the diminution of the duties of any county officer, and the transfer of a part of such duties to some other officer. But nothing of the kind was contemplated by section 1616. The statute does not create an independent office, whose incumbent performs functions separate and distinct from those imposed upon the sheriff. The law had always provided that it was the duty of the sheriff, among other things, to "take charge of and keep the county jail, and the prisoners therein" (Pol. Code, sec. 4157; subd. 6), and that the sheriff is liable for the escape of prisoners in his charge. (Pol. Code, sec. 4163.) We cannot believe that the legislature intended to affect this duty or this liability by providing—as in substance it did provide—that actual contact between female prisoners and jailers should be through, or in the presence of, a woman. The policy of segregating female prisoners had found expression at the time the codes were first enacted. (Pen. Code, sec. 1598, subd. 4, sec. 1599.) Section 1616 gave further protection to such prisoners, and was based upon considerations of propriety and decency too obvious to require explanation. The statute did not, however, assume to take such prisoners out of the custody of the sheriff. It merely regulated the manner in which he should perform that part of his duties which had to do with the care of females. We perceive no force in the argument of respondents based on the fact that the section provides that the sheriff shall

"designate" some suitable woman. No different meaning could be given to the statute if it declared that the sheriff should "appoint" a woman. Whether "designated" or "appointed," the woman named is an assistant of the sheriff, performing a part of the duties imposed by law upon him.

Section 1616, as it read at the time of the transaction under consideration, was silent with respect to the compensation of the person thus put in charge of female prisoners. We cannot, therefore, assume that the legislature intended, if it had the constitutional power so to do, to take the case out of the operation of the statute (Pol. Code, sec. 4290), providing that the sheriff's salary shall be in full compensation of all services rendered by him, his deputies, and assistants. By an amendment recently made to section 1616 of the Penal Code (Stats. 1917, p. 240), it is provided that the woman designated shall be paid out of the general fund of the county. We are not called upon in the present proceeding to consider whether this amendment has any validity.

It follows that the payments made to Mrs. Janssens were without authority of law, and that they may be recovered by the county in this action.

We think, however, that the complaint does not state a cause of action against the sheriff or his surety. Section 4005b of the Political Code, on which this suit is founded, authorizes the district attorney of the county to bring an action against the person or persons to whom money shall have been paid without authority of law. The payments set forth in the complaint were made to Mrs. Janssens. They were not made to the sheriff. It is alleged that the sheriff approved the claims, and requested the board of supervisors to allow them. But this is a very different thing from saying that he received the money. The opinion in *County of Calaveras* v. *Poe, supra,* does contain an intimation that money thus paid to an assistant might be regarded as paid to the principal. The statement was not, however, made positively, and was not the ground upon which the decision was, in fact, based. The recovery in the case cited was held to be authorized by other provisions of law.

If there was no liability on the part of the sheriff, it goes without saying that no cause of action was alleged against the surety.

The judgment in favor of the defendants Nat Stewart and the Title Guaranty and Surety Company is affirmed. The judgment in favor of the defendants Janssens is reversed.

Victor E. Shaw, J., *pro tem.*, Henshaw, J., Melvin, J., and Angellotti, C. J., concurred.