[L. A. No. 17491. In Bank.—September 19, 1940.]

FRED S. YOUNG, Trustee in Bankruptcy, etc., Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

F. L. Richardson for Petitioner.

O. A. Thorpe and Gray, Cary, Ames & Driscoll for Respondent Superior Court.

SHENK, J.—This is a proceeding in review to annul an order of the respondent Superior Court made on June 17, 1939, in an action to quiet title pending in said court, entitled *John Crofton* v. *Pacific Coast Joint Stock Land Bank of San Francisco* (No. 93526), hereinafter called the bank. The real property involved had been owned by Thomas N. Crofton, the father of John Crofton. On April 26, 1935, the father transferred the title to said real property to his son. At the time of said transfer Thomas N. Crofton was indebted to the bank in the sum of $4,951.

The following occurred in 1938: On March 28th the bank recovered a judgment against Thomas N. Crofton in the sum of $4,951 on the indebtedness aforesaid, with interest and costs. On April 28th execution was issued on that judgment and, on June 21st, was levied on said real property on the theory that the transfer of title had been made for the purpose of defrauding creditors and that the property still belonged to Thomas N. Crofton. On June 30th the bank assigned the judgment to O. F. Neal. On July 1st, Thomas N. Crofton filed a voluntary petition in bankruptcy and on July 2d was adjudged a bankrupt. On July 18th John Crofton commenced his action to quiet title, naming the bank as the defendant. On October 1st Neal obtained an *ex parte* order making him a party defendant in the action. The order was made on the ground that he was a necessary party to the determination of the rights of the parties to the action. Neal thereupon, and pursuant to section 442 of the Code of Civil Procedure, served on the plaintiff's attorney and filed an answer to the complaint and a cross-complaint alleging that the transfer of the real property from Thomas N. Crofton to John Crofton was for the purpose of defrauding creditors, and claiming a lien on the real property in the amount of the judgment against Thomas N. Crofton. An answer to the cross-complaint was not served or filed by the plaintiff within the time allowed by law, and on October 20th, on Neal's application, the clerk entered the default of the plaintiff and cross-defendant. On November 10th receipt of a copy of an answer to the cross-complaint was acknowledged in the name of the attorney for the cross-complainant Neal, and the original thereof was filed on November 14th.

The following occurred in 1939: In May, Fred S. Young, as trustee of the bankrupt estate of Thomas N. Crofton,

moved the court for an order substituting himself as party defendant and cross-complainant in the place of Neal on the ground that, as such trustee, he had succeeded to all the right and interest of the bankrupt in said real estate or of Neal, whose claim had been filed in the bankruptcy proceeding. On June 5th the court granted the motion and made the order of substitution.

On June 6th, Fred S. Young, as trustee, moved to strike the plaintiff's answer to the cross-complaint on the ground that it had been filed after the time allowed by law and after the plaintiff's default had been entered. On June 13th the motion was granted. On June 24th, the plaintiff moved to strike his default entered by the clerk on October 20, 1938; also to strike the order striking his answer to the cross-complaint. That motion was made on the ground that the default entry was void, that the default was waived by the receipt of a copy of the answer by the defendant and cross-complainant's attorney, and on the further ground of mistake, inadvertence, surprise and excusable neglect. On the same day the plaintiff also moved to strike the order joining Neal as a party defendant, and the answer and cross-complaint filed by Neal. The latter motion was made on the ground that Neal was not a proper party defendant, that he was not brought in as required by law, and that service of said answer and cross-complaint was not made in accordance with law. On June 17th the court granted the motions, with the exception of the motion to strike the order striking the answer of the plaintiff to the cross-complaint. As a result of that order the following were stricken from the files: The order joining Neal as a party defendant; the answer and cross-complaint filed by Neal; the default of the plaintiff in failing to answer the cross-complaint within time; and the order substituting Young in the place of Neal. No further order was made or entered by the court. The action therefore remained as it was before Neal was joined as a party defendant namely, as an action to quiet title against the bank as the sole defendant. The effect of the order was to dismiss from the case the defendant Neal and the defendant Young, who had been substituted in his place. This proceeding was commenced by Young, as trustee of the bankrupt estate. The petitioner alleged that the order striking the order joining Neal in the action, the order striking Neal's

answer and cross-complaint, and the order setting aside the order substituting him in Neal's place, deprived him of the right to appear in said action and protect the interest which he represented, and that he had no adequate remedy by appeal for the reason that the plaintiff was insolvent and would not be able to respond in damages for any rentals collected pending appeal. The petitioner seeks to have the order of June 17, 1939, annulled and thereby to have reinstated the order joining Neal as a party, the answer and cross-complaint of Neal, the default of the plaintiff, and the order substituting Young in the place of Neal. The matter is submitted on the petition, a copy of the clerk's record in the pending action, and the briefs of the parties to the proceeding.

 It becomes important to determine whether the order of June 17, 1939, was an appealable order, for if it was, *certiorari* would not lie and the writ heretofore issued should be discharged. (*Casner* v. *Daily News Co.*, 12 Cal. (2d) 402, at p. 406 [84 Pac. (2d) 1032]; and cases cited; Code Civ. Proc., sec. 1068.)

On the application of Neal to be made a party defendant in the pending action the court apparently was of the view that he was a necessary party to the action, that is, a party without whose presence the issues in the quiet title action could not properly be determined. The court had the power to make him such a party, pursuant to sections 379 and 389 of the Code of Civil Procedure. After he had become a party defendant, Neal filed an answer and a cross-complaint. The petitioner trustee in bankruptcy herein was then substituted as a party defendant in the place and stead of Neal. The right of the petitioner to displace Neal as a party defendant is not clear, but in any event the petitioner became a party defendant whose interest on behalf of the bankrupt estate was adverse to that of the plaintiff. When by the order of June 17, 1939, the petitioner was dismissed from the case, the litigation was ended in the trial court as to him. His right of appeal from that order is supported by numerous decisions in this state, particularly, *Howe* v. *Key System Transit Co.*, 198 Cal. 525 [246 Pac. 39], and *Halterman* v. *Pacific Gas & Elec. Co.*, 22 Cal. App. (2d) 592 [71 Pac. (2d) 855], wherein it was held that it is not necessary that the order or judgment be binding on all the parties to the action in order that it be final and appealable within the meaning

of section 963 of the Code of Civil Procedure. In the Howe case it was said, at pages 533 and 534:

"The circumstance that a particular judgment may not be binding upon all the parties to the action does not prevent it from being a final judgment within the code provisions relating to appeals. (2 Cal. Jur. 141.) In the present case, the issues tendered by the cross-complaints, which were stricken from the files, are entirely severable from the issues made by the complaints and answers. . . . Appellants have filed their cross-complaints under the authority found in section 442 of the Code of Civil Procedure as amended in 1923. . . . They contend that the section gives them the right to cross-complain in order that they may take care of the situation in which they find themselves in the present cases; that, to avoid a multiplicity of litigation and duplication of trials and issues and facts, they have the right to follow the procedure which the lower court, by its order, has prevented; that, unless they have the right to an immediate appeal, their rights are lost, for, if they must wait until a final determination of the whole action in the lower court before taking the appeal, a reversal of the order striking their cross-complaints from the files would, in effect, amount to only a hollow victory. . . . By its action the trial court has, in effect, dismissed the appealing defendants from the actions in so far as they have a right to have their claims for affirmative relief determined therein and adjudicated by single judgments. In that regard the cases are ended as to them and they are no longer before the court. In effect, their dismissal is complete. To hold that they are bound to wait until the final judgment in the respective actions before taking appeals from the orders, which are substantially final judgments as to them seems to be as wholly unreasonable as the same contention was declared to be in *Rocca* v. *Steinmetz, supra.*" (189 Cal. 426 [208 Pac. 964].)

The order complained of was within the rule above stated and must be declared to have been an appealable order.

The writ is discharged.

Edmonds, J., Spence, J., *pro tem.*, Houser, J., York, J., *pro tem.*, and Gibson, C. J., concurred.