[S. F. No. 17743. In Bank. Dec. 7, 1948.]

JOSEPHINE HORACEK, Respondent, v. VICTOR B. SMITH et al., Appellants.

Freed & Freed, Eli Freed, Freed, Gebauer & Freed and William F. Cleary for Appellants.

E. C. Mahoney for Respondent.

EDMONDS, J.—In 1928, Josephine Horacek was employed as a maid in the home of Victor B. Smith. Except for a short period of time, she continued her services until 1945. During these years the amount paid to her monthly was reduced from time to time. Miss Horacek claims that she accepted these payments on account and not in full satisfaction of wages due to her. The appeal of Smith and his wife Florence is from a judgment against them in an action upon the contract of employment.

The complaint alleges that in 1928 the Smiths employed Miss Horacek as housekeeper at a salary of $75 per month with room and board. Two years later, the appellants advised her "that they had met with financial reverses and could no longer pay her $75.00 per month but that if she would continue to serve them at whatever they could afford to pay, they would make up the difference when their financial condition improved." For about five years thereafter, she continued her services, during which time they paid her an average of about $12 per month. In the next five years, she worked as before. However, during this period, she received no monetary consideration, but the Smiths told her that if she would continue to serve them, they would never send her away from their home. They also agreed to provide, when advanced age prevented her from working, room and board in their house, and whatever else she needed, for the balance of her natural life.

Relying upon their promises, the pleading asserts, she continued her services until January, 1945. During these last five years, she received at irregular intervals amounts which would average approximately $12 monthly. In January, 1945, the Smiths advised her that they had no further use for her services, and at that time they packed her belongings and ejected her from her room. By an amendment to the complaint, Miss Horacek alleges her belief "that defendants' financial condition did improve during the year 1945 to the point where they could pay her the money claimed to be owing." Her demand was for $11,600, as the balance of wages accruing since August, 1930.

The answer consists of a general denial and several so-called separate defenses, which consist of extensive allegations of evidentiary matter bearing upon the issues already framed by the complaint and the general denial. As barring the action, the statute of limitations (Code Civ. Proc., § 339(1)) is also pleaded.

The testimony presented upon the trial of these issues shows that Miss Horacek was employed in 1928 by J. K. Smith, the father of Victor B. Smith. J. K. Smith died in 1930, and she continued her duties in the home under the direction of the appellants. According to the testimony of Mrs. Smith, Miss Horacek "was left to us the same as the house." A short time later, assertedly due to limited finances, the Smiths began reducing the amount paid to her. There is a direct conflict in the evidence as to the conditions under which

Miss Horacek carried on her duties after payment of wages to her at the rate of $75 per month was discontinued. She testified that, in 1931 or 1932, Mrs. Smith came to her and said, "Josephine, I couldn't pay you any more $75.00 a month." In reply, said Miss Horacek, "I told Mrs. Smith she could pay me less than $75.00 and when the time would Mr. Smith be promoted he could pay me the difference." In answer to the question, "And did Mrs. Smith say anything to that?" Miss Horacek told the jury: "She go on the telephone again and she come back and she said, 'Josephine, would you make it $25.00? . . .' I said, 'Yes.'"

The next conversation as related by Miss Horacek occurred in 1940, at the time of the marriage of one of the appellants' children. The respondent brought up the matter. "Mrs. Smith . . . you tell me everything what is to be done but you don't tell me nothing about money." According to Miss Horacek, Mrs. Smith replied, "Josephine, are you going to expose me now?"

In 1937, Miss Horacek left the home of the Smiths for several months. She declares that she returned after a conversation with Mr. Smith in which he said that she "should come back and start work on the old basis." In August, 1945, Mrs. Smith gave her a letter dated January 26, 1945, which stated, among other things, that "I have always said I would never send you from my home and I repeat again the same statement."

The testimony of Mr. and Mrs. Smith was that, during the depression, they told Miss Horacek it was impossible for them to continue paying her $75 per month. They then commenced reducing her wages at the rate of $10 per month until 1933, when she was paid $25 per month in addition to room and board. Each of these reductions was accepted by Miss Horacek, and at no time did they obligate themselves to make any additional payments for her services.

During 1934, the Smiths said, because of their financial circumstances they left their home and moved to an apartment. When they notified Miss Horacek that they would no longer require her services, she said she did not want to leave. They then informed her that they would keep her but could not afford to pay her any regular salary. This arrangement continued until August of that year.

In June, 1937, as related by Mr. and Mrs. Smith, Miss Horacek asked them to take her back. They told her they would provide her with room and board and pay such

amounts as their income allowed. She returned under these conditions, but because of ill health her services were sporadic. Early in 1945, Miss Horacek accepted other employment and left their home.

Upon this evidence the jury returned a verdict in favor of Miss Horacek for $5,970. As grounds for a reversal of the judgment subsequently entered against them, the appellants assert that the complaint does not state facts sufficient to constitute a cause of action; that if they ever attained the ability to pay, they attained it more than two years prior to the commencement of the action, and the statute of limitations now bars recovery; and that the evidence is insufficient to sustain the judgment. They also challenge certain instructions as being prejudicially erroneous.

■ The objection that a complaint does not state facts sufficient to constitute a cause of action may be raised at any stage of the proceedings and, even for the first time upon appeal. (Code Civ. Proc., § 434.) ■ Further, in an action upon a contract to pay "when able," the promise is conditional and "no cause of action accrues until the condition is performed, that is to say, until the debtor is able to pay." (*Van Buskirk* v. *Kuhns,* 164 Cal. 472 [129 P. 587, Ann.Cas. 1914B 932, 44 L.R.A. N.S. 710].) ■ Accordingly, a complaint in such an action fails to state a cause of action if it does not include an allegation of the defendant's ability to pay. But the complaint, as amended, pleads that Miss Horacek "believes the defendants' financial condition did improve during the year 1945 to the point where they could pay her . . ." ■ Since material facts may be alleged on information and belief (Code Civ. Proc., § 437), any failure to more specifically state the circumstances in this regard was one of uncertainty or ambiguity which could have been cured if brought to the attention of the trial court. In the absence of a demurrer, such a defect is waived. (Code Civ. Proc., § 434.)

■ Concerning the appellants' plea of the bar of the statute of limitations, Mr. Smith testified that in 1931 his salary was about $225 per month. In 1931, it was raised to $250, and it progressively increased until August 1, 1944, when it was $550 per month. He was paid at that rate until November 1, 1945, when another increase brought his income to $700 per month, which was the amount received by him at the time the complaint was filed. Miss Horacek testified that Mrs. Smith "told me when Mr. Smith is going to get

the position that Mr. Burk has, then Mr. Burk has about . . . $8,000.00 a year, and then Mr. Smith is going to be able to pay me.'' From this evidence the jury could well have concluded that her cause of action did not accrue until November 1, 1945, which was less than six months before the action was commenced.

Upon the question of the sufficiency of the evidence to support the finding of an agreement to pay Miss Horacek at a later time the difference between $75 per month and the amounts received by her, the appellants quote extensively from the record and point to many instances of direct conflict in the evidence. It is true that Miss Horacek's testimony was vague in many respects, but as a matter of law, the facts related by her are not inherently improbable. The conversations as stated by her and the continuance of her services for the appellants are sufficient evidence to support the finding of the agreement relied upon by her. The trial court's determination of an issue of fact will not be overturned upon appeal if there is substantial evidence to support the challenged finding. (*DeYoung* v. *DeYoung,* 27 Cal.2d 521, 526 [165 P.2d 457].)

The appellants complain of an instruction given by the trial judge, which reads: ''It is not necessary that you find whether plaintiff entered into a contract with defendants in which they agreed to hire her as a housekeeper and pay her $75.00 a month and furnish room and board as this is admitted in the answer of the defendants. There are other issues to be determined, however, as follows: (1) Did plaintiff agree at any time after the hiring to accept less than $75.00 a month as payment in full for the monetary consideration agreed upon with the defendants. (2) Did defendants agree, or lead plaintiff to believe, that when their financial condition improved they would pay plaintiff the difference between the monetary consideration originally agreed upon and the amount actually paid her during the years that she served them. (3) Did the defendant, Florence Smith, make an agreement to keep plaintiff in her home as long as defendants were indebted to plaintiff. (4) Was there an implied understanding between plaintiff and defendants that plaintiff would cancel her debt to them provided they never sent her away from their home. (5) Did plaintiff perform all of the conditions of her agreement on her part to be performed. (6) Did defendants perform all of the conditions of their agreement on their part to be performed. (7) Has plaintiff

been fully compensated in accordance with whatever agreement was entered into.''

Reduced to its simplest form and read as a whole, this instruction presented the case as a suit upon the original contract of employment which was adopted by the appellants in July, 1930, and modified by subsequent agreements. By their answer, the appellants admitted that they employed Miss Horacek in 1930 at the rate of $75 per month with room and board. Miss Horacek was then required to prove that she continued her employment upon the appellants' agreement to pay her the difference between the amounts given her from time to time and $75 per month, and to furnish her with a home for the rest of her life. As these were conditional promises, necessarily the jury was required to find whether the respective obligations of the parties had been performed.

The appellants attack each portion of this instruction as being prejudicially erroneous. As to the first sentence, although they admit that it was unnecessary for the jury to determine the existence of the original contract, this is ''because no part of the cause of action pleaded by plaintiff in her complaint depends in any manner or to any extent upon the existence or non-existence of such original contract.'' That position would only be sound if the complaint had pleaded the modification agreement as a novation which extinguished the rights under the original contract. (*Beckwith* v. *Sheldon*, 165 Cal. 319 [131 P. 1049]; *Richardson* v. *Hislop*, 109 Cal.App. 440 [293 P. 168].) Novation is a matter of intention (Civ. Code, § 1531(1)), and neither Miss Horacek's pleading nor proof indicates any intention of the parties to extinguish the original obligation.

The appellants' objection to subdivision (1) of the quoted instruction is that it refers to ''the monetary consideration agreed upon.'' The objection is grounded upon the premise that the modifying agreement ''whatever its effect, would have superseded the original contract . . .'' But the action is based upon the original contract as modified by the parties and not upon a novation.

As to subdivision (2), the appellants contend that the language ''Did defendants agree, or lead plaintiff to believe'' set up alternatives, one of which was whether they, without intending to do so, led Miss Horacek to believe that they had committed themselves to further payments to her. The terms of a contract are established, not by the undis-

closed intentions of the promisor, but by such words or conduct "as justifies the promisee in understanding that the promisor intended to make a promise." (Rest. of Contracts, § 5.) In *Hobart* v. *Hobart Estate Co.,* 26 Cal.2d 412 [159 P.2d 958], cited by appellants, the challenged instruction, by referring to the "absolute right to rely," expressly negated the element of justifiable reliance which is implicit in the instruction here attacked. Other objections to this portion of it are wholly insubstantial.

Further criticism of the instruction is placed upon the ground that subdivision (3) referred to the alleged promise to give plaintiff a home for life, which it is argued was an immaterial issue, with the implication that if the jury found such a promise had been made "they should decide the case in plaintiff's favor." Again, the nature of the action is misconceived by the appellants. The alleged agreement here referred to was the second modifying agreement testified to by Miss Horacek. The fact that she prays for wages and not specific performance of the agreement to furnish a home does not remove it as an issue in the case. Miss Horacek did not allege or introduce evidence tending to prove a separate contract in this regard; as related by her the Smiths' promises constituted a modification of the original contract of employment. Evidence as to their conduct tending to prove a breach of the contract as modified, therefore, was properly presented to the jury.

Subdivision (4) of the challenged instruction is attacked because it states, as an issue of the case, whether there was an "implied understanding" that plaintiff should cancel her debt provided the Smiths never sent her away from their home. Appellant argues that "an agreement having such terms would necessarily have had to have been an express contract having an express offer and an express acceptance . . ." No authority is cited for such a conclusion, nor does there seem to be any merit to the argument. Express and implied contracts are both based upon the intention of the parties and are distinguishable only in the manifestations of such assent.

It is then said that subdivisions (5) and (6) are defective in that they "sound in damages." The word "damages" was not used, and as the alleged modifications of the original contract rest upon conditional obligations of the parties, the instruction was proper. Finally, as to subdivision (7), it is stated: "The most vicious of all the

seven subdivisions of this instruction is the seventh. The words 'with whatever agreement was entered into' went beyond the express agreement alleged in the complaint. . . ." But the "express agreement alleged" referred to is the first modifying agreement as alleged by Miss Horacek. This is the basis of Miss Horacek's cause of action and the issue as to whether the original contract to pay her $75 per month had been modified, and if so, to what extent, necessarily was presented to the jury for determination.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred.