Filed 1/11/21  Lopez v. Creeger CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARCOS-MILLAN: LOPEZ,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>MATTHEW L. CREEGER,<br><br>Defendant and Respondent. | F080501<br><br>(Super. Ct. No. 19CV-03593)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Brian L. McCabe, Judge.

Marcos-Millan: Lopez, in pro. per., for Plaintiff and Appellant.

Forrest W. Hansen, County Counsel, Roger S. Matzkind, Chief Deputy County Counsel, and Janine L. Highiet-Ivicevic, Deputy County Counsel, for Defendant and Respondent.

-ooOoo-

Plaintiff appeals from a judgment of dismissal entered after an order sustained a demurrer to his complaint against a deputy district attorney who handled criminal charges brought against plaintiff.  Plaintiff's complaint stated he was a sovereign, nonresident, noncitizen, transient foreigner without legal domicile and declared his "person" to be a

---

* Before Detjen, Acting P.J., Franson, J. and Snauffer, J.

"stateless person" outside any and all jurisdiction of the federal government. Plaintiff alleged the deputy district attorney was attempting to assert jurisdiction over him and, thus, had the burden of proving jurisdiction. Plaintiff further alleged the deputy district attorney had failed to demonstrate the court had subject matter jurisdiction over him and, as a result, all causes brought against him should be dismissed for lack of subject matter jurisdiction.

The superior court sustained the demurrer because (1) the complaint did not state facts comprising a civil cause of action, (2) the civil department of the superior court did not have jurisdiction to issue orders affecting a pending criminal case, (3) the civil department could not be used to appeal a decision in a pending criminal case, and (4) any request for relief in the criminal matter must be pursued in that matter.

Based on our independent review of plaintiff's complaint and the record on appeal, we conclude plaintiff failed to state facts alleging a civil cause of action. His many jurisdictional arguments do not identify any cause of action that could be pursued in a civil lawsuit against a deputy district attorney.

We therefore affirm the judgment.

## BACKGROUND

On August 19, 2019, plaintiff Marcos-Millan: Lopez filed a "JURISDICTIONAL COMPLAINT" in the Merced County Superior Court that named Matthew L. Creeger, a deputy district attorney, as the only defendant. The complaint stated plaintiff was, among other things, a sovereign, nonresident, noncitizen, transient foreigner without legal domicile and declared his "person" to be a "stateless person" outside any and all jurisdiction of the federal government. The complaint asserted that stateless persons are not subject to the jurisdiction of any courts because they are domiciled outside the general jurisdiction of the federal government.

The complaint also alleged defendant attempted to assert jurisdiction over plaintiff and, as the party asserting jurisdiction, defendant had the burden of proving it existed.

2.

The complaint alleged the defendant had failed to demonstrate the court had subject matter jurisdiction over him and, therefore, all causes brought against plaintiff should be dismissed for lack of subject matter jurisdiction.  The complaint demanded that the State of California and its agents produce lawful and legal proof (i.e., verified and demonstrated evidence) of its alleged jurisdiction over plaintiff.

In October 2019, defendant filed a demurrer, contending plaintiff's complaint failed to state facts sufficient to constitute a cause of action, the superior court had no jurisdiction of the subject of any purported cause of action, and plaintiff was improperly using the civil lawsuit to appeal an issue he lost in his criminal case.  (Code Civ. Proc., § 430.10, subds. (a), (c), (e).)[1]  Defendant supported his demurrer with a request for judicial notice of (1) the existence of *People of the State of California v. Marcos Millan Lopez*, Merced County Superior Court case No. 18CR-04706; (2) the fact defendant had been assigned to prosecute the criminal case from September 11, 2018, through May 2, 2019; and (3) the fact that on August 26, 2019, plaintiff made a motion in his criminal case that presented the same issues raised in this civil lawsuit.  The request for judicial notice was accompanied by defense counsel's declaration, which attached a copy of the criminal records from case No. 18CR-04706.

In November 2019, plaintiff filed a document titled "Objection to Order on Demurrer and Judgment."  The document referred to plaintiff as "Secured Party/Plaintiff" and asserted he "is not a subject of, or to, the California State Constitution or the United States Constitution, its Ordinances, Statutes, Codes, or Regulations; or subject of, or to, Executive, Legislative, nor Judicial Jurisdiction of its actor(s), agent(s), officer(s), employee(s), or elected officials of Government, as defined as Corporate."  It also asserted plaintiff was a holder in due course of "a Superior Priority Claim over MARCOS MILLAN LOPEZ® [DEBTOR], in any form nunc pro tunc" and plaintiff was "the

---

[1] All unlabeled statutory references are to the Code of Civil Procedure.

3.

recorded owner and principal Party-In-Interest of the Trade Name(s) MARCOS MILLAN LOPEZ® [DEBTOR] or any variations thereof or therefrom, in any form."

On November 19, 2019, the superior court issued a tentative ruling; neither party requested a hearing. The next day, the court adopted its tentative ruling, sustaining the demurrer without leave to amend and granting all requests for judicial notice. On December 6, 2019, the court signed and filed an order on demurrer and judgment that set forth the three grounds on which the court sustained the demurrer. It also stated the action was dismissed with prejudice and judgment was entered in favor of defendant. Later in December, plaintiff filed a timely appeal.

## DISCUSSION

### I. BASIC PRINCIPLES

#### A. Standard of Appellate Review

On appeal from a judgment dismissing an action after sustaining a general demurrer, appellate courts independently determine whether the complaint states facts sufficient to constitute a cause of action under any legal theory. (*McCall v. PacifiCare of California, Inc*. (2001) 25 Cal.4th 412, 415; see Code Civ. Proc., § 430.10, subd. (e).) "We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law." (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.) We also consider matters which may be judicially noticed. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).)

"[W]hen [a demurrer] is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of

4.

discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank*, *supra*, 39 Cal.3d at p. 318.)

B. Appellant's Burden to Demonstrate Prejudicial Error

In *Jameson v. Desta* (2018) 5 Cal.5th 594, the California Supreme Court set forth some of the basic principles of appellate procedure by stating "it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Id*. at pp. 608–609; see Cal. Const., art. VI, § 13.)

II.    PLAINTIFF'S CAUSE OF ACTION

Ordinarily, when a demurrer is sustained on the ground the plaintiff failed to allege facts sufficient to state a cause of action and the plaintiff challenges that ground on appeal, the plaintiff will (1) identify the cause of action he or she attempted to assert, (2) cite the court to legal authority setting forth the elements of that cause of action, and (3) refer to the facts alleged in the plaintiff's complaint that plaintiff contends satisfies each of those elements. For example, if a plaintiff were attempting a pursue causes of action for breach of fiduciary duty, professional negligence and breach of contract, the plaintiff might quote *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811 for its description of these causes of action:

> "The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, breach of fiduciary duty, and damages. [Citation.] The elements of a cause of action for professional negligence are (1) the existence of the duty of the professional to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) breach of that duty; (3) a causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional negligence. [Citation.] And the

5.

elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." (*Id.* at pp. 820–821.)

Here, we are unable to ascertain what cause of action plaintiff is attempting to assert. Furthermore, we are not aware of any cause of action recognized under federal or California law that might fit the allegations made by plaintiff.

For example, the pleading could be interpreted as seeking a writ of mandate directing the defendant to file sufficient evidence to establish the court had jurisdiction over him in the criminal matter. However, prosecutors have broad discretion in the application and enforcement of state law. (*Wilson v. Sharp* (1954) 42 Cal.2d 675, 678–679.) Moreover, this prosecutorial discretion cannot be controlled through the issuance of a writ of mandate. (*Nasir v. Sacramento County Office of the District Attorney* (1992) 11 Cal.App.4th 976, 990, see § 1085 [ordinary writ of mandate].) Consequently, a writ of mandate is not available to correct the jurisdictional wrong alleged in plaintiff's complaint. In other words, plaintiff's allegations do not state a claim that, if proven, would provide a legally recognized ground for issuing of a writ of mandate.

Consequently, plaintiff has failed to carry the appellant's burden of affirmatively demonstrating the superior court erred when it determined he failed to allege facts sufficient to state a cause of action. Plaintiff's many theories for why there was no jurisdiction in the criminal matter do not show there exists a cause of action recognized under federal or California law that could be pursued in a civil lawsuit. Accordingly, under the applicable rules of appellate procedure, we conclude the demurrer was properly sustained on the ground plaintiff failed to state a cognizable cause of action. (*Collins v. Thurmond* (2019) 41 Cal.App.5th 879, 911 [at the pleading stage of a lawsuit, "the question is only whether the allegations constitute a cognizable cause of action"].)

6.

## DISPOSITION

The judgment of dismissal is affirmed.  Respondent shall recover his costs on appeal.