Mary Wagner THOMPSON, Appellant,

v.

John O. ENGLAND, as Trustee of the Estate of James Leo Thompson, Bankrupt, Appellee.

No. 14381.

United States Court of Appeals Ninth Circuit.

Oct. 24, 1955.

Arthur N. Ziegler, Allan L. Sapiro, San Francisco, Cal., for appellant.

James M. Conners, Vernon D. Stokes, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and HEALY and LEMMON, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a decision of the United States District Court confirming the Referee in Bankruptcy's order disallowing appellant's claim.

Appellant loaned her husband, the bankrupt, $12,000 of her separate property to be repaid from the proceeds of his business "as soon as said business is in a sound, financial position." In order for a creditor to share in the assets of a bankrupt he must have a claim both *provable* under one or more of the overlapping subdivisions of Section 63 of the Bankruptcy Act and *allowable* under Section 57, 11 U.S.C.A. §§ 93, 103. Appellant asserts that her claim is provable under any of four subdivisions of Section 63. The Referee and the District Court disagreed with her contentions.

I. Appellant's Contingent Claim Is Not Provable Under Section 63, sub. a (8) of the Bankruptcy Act.

[2, 3] Appellant argues that her claim should have been allowed as a "contingent claim" under Section 63, sub. a (8) of the Bankruptcy Act, 11 U.S.C.A. § 103, sub. a(8). Her claim does comply with that section since it is contingent upon the business being in a sound financial position, and so it is a "provable claim" under the act. However, claims must be *both* provable under Section 63 and "allowable" under Section 57, 11 U.S.C.A. § 93. Section 57, sub. d reads:

"Claims which have been duly proved shall be allowed * * *

*Provided, however,* That [a] * * * contingent claim * * * shall not be allowed if the court shall determine that it is not capable * * * of reasonable estimation * * *."

This provision was designed to codify the judicially declared state of the law prior to its enactment in 1938. 3 Collier on Bankruptcy, par. 57.15 (Moore & Oglebay ed. 1941). The leading case in this area is Maynard v. Elliott, 1931, 283 U.S. 273, 51 S.Ct. 390, 75 L.Ed. 1028. Dicta in Justice Stone's opinion indicates several situations where provable contingent claims are not capable of reasonable estimation and therefore are not allowable. One of these situations is where the bankrupt's obligation is "beyond the control of the creditor, and dependent upon an event so fortuitous as to make it uncertain whether liability will ever attach." Here the obligation is beyond the control of the creditor. Moreover, the court would be called on to estimate the probability that appellant's husband would start anew his business after bankruptcy and would arrive at a "sound financial condition." That event is so "fortuitous as to make it uncertain whether liability will ever attach."

The claim does not comply with the proviso in Section 57, sub. d.

II. Appellant's Claim Is Not a Debt Founded Upon a Contract Express or Implied Provable Under Section 63, sub. a(4).

Appellant contends that the Referee should not have dismissed her claim since it complies with Section 63, sub. a (4) of the Bankruptcy Act as a debt founded upon an express contract. However, this argument and the one discussed in the preceding section are defective for the same reason. While the claim may be founded on an express contract, it is still a contingent liability subject to the provisions of section 57, sub. d. The claim is not allowable because of the uncertain contingency.

III. Appellant's Claim Is Not a Fixed Liability Provable Under Section 63, sub. a(1).

■ Appellant contends alternatively that her claim was founded upon a fixed liability, evidenced by a writing, and *absolutely owing* when the petition in bankruptcy was filed. If this were true, she would have both a provable and allowable claim under Sections 57 and 63. She argues that the evidence shows that the business of the bankrupt had been in a "sound financial condition" before the losses which lead to bankruptcy. Fed. Rules Civ.Proc. rule 52(a), 28 U.S.C.A. is applicable to the review of findings of fact in bankruptcy. Rosenberg v. Heffron, 9 Cir., 1942, 131 F.2d 80. The record discloses a conflict of opinion between the trustee's expert accountant and the appellant's expert accountant as to whether the business had ever been in a sound financial condition. Even without the opportunity to observe the two accountants, the trustee's expert accountant who testified that the business never was in a sound financial condition was far more convincing. The finding is not clearly erroneous.

IV. Appellant's Claim Is Not An Anticipatory Breach of Contract Provable Under Section 63, sub. a (9).

■ Mrs. Thompson contends that she has a provable and allowable claim in bankruptcy because bankruptcy anticipatorily breached her husband's promise to pay when the business was in a good financial condition. She relies upon 11 U.S.C.A. § 103, sub. a(9) providing that "(a) Debts of the bankrupt may be proved and allowed against his estate which are founded upon * * * (9) claims for anticipatory breach of contracts, executory in whole or in part, including unexpired leases of real or personal property".

She cites Bliss v. California Cooperative Producers, 30 Cal.2d 240, at page 250, 181 P.2d 369, 170 A.L.R. 1009; Caminetti v. Pacific Mutual Life Ins. Co., 23 Cal.2d 94, 142 P.2d 741 and Central Trust Co. of Illinois v. Chicago Auditorium Ass'n, 240 U.S. 581, 36 S.Ct. 412, 60 L.Ed. 811. Each of these considers a contract creating an obligation certain to exist and which may be breached.

Here on the contrary is a contract in which the condition precedent to liability may never arise and which the bankruptcy makes certain never to arise. The business and its good will is an asset of the bankrupt estate. If it is of any value at all it will be sold and made available for the creditors. It is thus apparent the business will not survive the bankruptcy.

■ It is not entirely clear whether the validity of a bankruptcy claim is a matter of federal law or whether it is a matter of state law subject to the bankruptcy court's equitable power to subordinate or disallow claims.[1] That question need not be decided here since both the federal law and the California law governing this transaction lead to the same result. Several federal cases have held that bankruptcy does not anticipatorily breach a contract where the liability is contingent on the existence of a fund or profits.[2] In California when one

---

1. Compare the dictum of Mr. Justice Black: "What claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition in bankruptcy is filed is a question which, in the absence of overruling federal law, is to be determined by reference to state law." Vanston Bondholders Protective Committee v. Green, 1946, 329 U.S. 156, 161, 67 S.Ct. 237, 239, 91 L.Ed. 162 with the dictum of Mr. Justice Frankfurter: "clarity of analysis justifies repetition that except where federal law, wholly apart from bankruptcy, has created obligations by the exercise of power granted to the federal government, a claim implies the existence of an obligation created by State law. If there was no valid claim before bankruptcy, there is no claim for a bankruptcy court either to recognize or to reject." Id., 329 U.S. at page 170, 67 S.Ct. at page 243.

2. See In re the Literary Digest, 2 Cir., 1939, 105 F.2d 957; Synott v. Tombstone Consol. Mines Co., 9 Cir., 1913, 208 F. 251; In re 35% Auto Supply Co., D.C. S.D.N.Y.1917, 247 F. 377.

promises to pay when able, essentially the promise here, the obligation does not arise until the debtor is able to pay and there is no duty or obligation to create such ability.[3]

The order of the referee is affirmed.

---

**3.** Horacek v. Smith, 1948, 33 Cal.2d 186, 199 P.2d 929; Van Buskirk v. Kuhns, 1913, 164 Cal. 472, 129 P. 587, 44 L.R.A., N.S., 710.