**In re GLADDING CORPORATION, Debtor.**

**GLADDING CORPORATION, Plaintiff,**

**v.**

**Carol E. FORRER, d/b/a CEF Enterprises, Defendant.**

**Bankruptcy No. 77–0728–G.**

United States Bankruptcy Court, D. Massachusetts.

June 4, 1982.

Mark Polebaum, Hale & Dorr, Boston, Mass., for plaintiff.

Robert S. Potters, Nix & Wendall, Boston, Mass., for defendant.

### MEMORANDUM AND ORDER

PAUL W. GLENNON, Bankruptcy Judge.

Gladding Corporation, the debtor herein, has brought this Complaint to have determined whether a claim by the defendant, Carol Forrer ("CEF"), had been previously discharged as part of the confirmation of Gladding's Chapter XI plan of arrangement. The case was submitted on stipulated facts, with accompanying briefs. Upon review the Court finds that the claim of Carol Forrer against Gladding Corporation was not discharged in bankruptcy.

The stipulated facts are that sometime in 1975 Gladding delivered to CEF a recreational vehicle manufactured by Gladding. However, CEF did not receive from Gladding the Manufacturer's Certificate of Origin until April 7, 1977. Thereafter, CEF apparently sold the vehicle to Arthur and Joan Coomes who, on August 29, 1979, brought suit against CEF in the state court of Florida alleging a defect in the vehicle. On January 2, 1980, CEF filed a Third Party Complaint against Gladding in state court of Florida alleging that Gladding was principally liable for any defective manufacturer concerning the vehicle to the Coomes.

Gladding argues that CEF'S claim arising out of the Coomes transaction was otherwise provable and allowable, and therefore, was discharged by the confirmation of the debtor's plan of arrangement. The debtor's Chapter XI petition was filed on April 9, 1977, and its plan of arrangement was confirmed on December 11, 1978.

### DISCUSSION

All of the debtor's arguments concerning the dischargeability of contingent debts are inappropriate in this instance. While it is true that a contingent claim, as is this one here, which is capable of estimation or liquidation, can be both proved and allowed in bankruptcy, and therefore can be discharged, the particular claim in question was so remote at the time of confirmation as to render it incapable of proof.

A contingent claim may be defined as one which, either as to its existence or as to its amount, depends upon some future event uncertain either as to its occurrence altogether, or as to the time of its occurrence. 3A *Collier on Bankruptcy* ¶ 63.30, at p. 1913 (14th Ed. 1978).

Yet it is highly probable that Congress did not, despite its sweeping language, intend to declare a debt provable on the

sole ground that it is contingent. The proper construction of [§ 63a(8)], lest it negate the very principle of enumeration which is at the root of § 63a, necessitates its limitation to the contingent claims that are in their nature provable.... *Id.*

The claim in question is one the existence of which was not known until August 29, 1979, when Arthur and Joan Coomes brought suit against CEF. The debtor's Chapter XI plan had been confirmed more than eight months previous. Therefore, insofar as CEF was concerned with Gladding, at the time of confirmation CEF had no more than a mere possibility of a claim of unknown origin, in an unknown amount, and which only might arise, if at all, at some unknown time. This is a classic example of a possible claim which, at the time required for proof, would have been so incapable of proof as to prohibit its allowance. See *Thompson v. England*, 226 F.2d 488 (9th Cir. 1955). If the Court were to adopt the debtor's argument, every retailer and consumer who purchases an item from a manufacturer prior to the bankruptcy of the manufacturer, would then be compelled to file in the bankruptcy proceeding a proof of claim for some as yet unknown and undetermined *possibility* of damage. Such a procedure would be absurd.

Therefore, I find that the claim of CEF, to the extent it may be established in another court of competent jurisdiction, has not been discharged in bankruptcy. Accordingly, judgment shall enter for the defendant in this cause, and all previous injunctions and/or restraining orders are hereby dissolved.

SO ORDERED.