RETAMCO, INC., and Steve
Gose, Appellant,

v.

**DIXILYN–FIELD DRILLING
CO., Appellee.**

No. C14–84–683CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 21, 1985.

J. Christopher Cimaglia, Creel & Atwood,
Dallas, M. Frank Russell, Russell & Vick-
ers, San Antonio, for appellant.

James I. Smith, Jr., Bernard Lilse Math-
ews, III, Vasek, Yokubaitis & Mathews,
Houston, for appellee.

Before JUNELL, ROBERTSON and
CANNON, JJ.

OPINION

ROBERTSON, Justice.

This is an appeal from a summary judg-
ment granted in favor of appellee in a suit
to collect a note. The issues before us
concern Gose's individual liability on the
note and the sufficiency of the service of
copies of pleadings. We affirm.

Appellants executed a promissory note to
appellee in satisfaction of an outstanding
account for drilling services. Appellee
filed suit seeking recovery from Gose and
Retamco, jointly and severally. Gose and
Retamco filed a general denial and asserted
no defenses to the execution of the note or
the signature thereon. Appellee filed its
motion for summary judgment with a copy
of the note and an affidavit setting forth
the necessary facts and elements for recov-
ery on the note. Appellants filed a motion
in opposition but it only contested the suffi-

ciency of appellee's summary judgment proof.

In their first point of error, appellants contend there is no support in either the pleadings or summary judgment evidence to support the liability of Gose, individually. We disagree.

■ Concerning the pleadings, appellee's original petition alleged "Defendants jointly and severally executed and delivered to Plaintiff" the note in question, a copy of which was attached, and sought recovery against each defendant, "jointly and severally." In the absence of any special exception by appellant, such allegations were clearly sufficient.

Concerning the sufficiency of the summary judgment evidence to support the liability of Gose, individually, we point out the following provisions of the note:

1. Only Retamco, Inc. is designated as "maker" in the heading of the note;

2. The body of the note provides:

(a) the "maker and each surety, endorser, and guarantor waive all demands for payment, presentation for payment, notices of intention to accelerate maturity, protests and notices of protest";

(b) "Each maker is responsible for the entire amount of this note";

(c) "The Terms Maker and Payee and other nouns and pronouns include the plural if more than one."

3. The note was signed in the bottom right hand corner:

Retamco, Inc.

By <u>Steve Gose (signed)</u>
<u>Steve Gose (signed)</u>
Individually—Steve Gose

Appellants' argument is twofold: (1) the note "imposes no obligation on any party other than the 'Maker', i.e., Retamco, Inc." because "the clearly expressed terms of the Note is to obligate only the party identified as the 'Maker,'" and (2) Gose was acting as an agent for a disclosed principal and is therefore not liable on the note. We disagree with both contentions.

■ Section 3.118(5), TEX.BUS. & COM.CODE ANN. (Vernon 1963) provides:

*Unless the instrument otherwise specifies* two or more persons who sign as maker, acceptor or drawer or endorser and as a part of the same transaction are jointly and severally liable even though the instrument contains such words as "I promise to pay." (emphasis supplied)

Therefore, since the instrument did not specify otherwise, Gose is liable as a maker. *Riley v. First State Bank, Spearman,* 469 S.W.2d 812 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.). If Gose signed in a capacity other than maker (since the note did not specify otherwise) he had the burden of proving such capacity. *Caldwell v. Stevenson,* 567 S.W.2d 278 (Tex.Civ.App.—Austin 1978, no writ). As stated by the supreme court in *Seale v. Nichols,* 505 S.W.2d 251 (Tex.1974):

Nichols' asserted defense is that he signed the note, not as an individual, but as a representative of Mr. Carl's Fashion, Inc. This defense is one of avoidance as it does not attempt to negative a necessary element of Seale's cause of action.... Defenses in avoidance are expressly made affirmative defenses by Texas Rule of Civil Procedure 94.

In a summary judgment proceeding, the necessity of supporting a non-movant's affirmative defense by proof raising a fact issue is well established in Texas..... Consequently, in order for Nichols to avoid a summary judgment for Seale, his affidavit must have presented evidence raising a fact issue on the elements necessary to his affirmative defense.

In this case neither appellant pleaded an affirmative defense or submitted *any* evidence which would raise a fact issue on the elements necessary to any affirmative defense. Consequently, summary judgment was proper. Appellants' first point is overruled.

■ In their last two points of error, appellants contend the trial court lacked jurisdiction since 1) the copy of the pleadings served on them lacked opposing coun-

sel's personal signature on the certificate of service and 2) the copy of the motion for summary judgment allegedly lacked a certificate of service. The *filed* copy of each instrument bears the signature of appellees counsel certifying a copy was delivered to opposing counsel. This is in compliance with the rules. Appellants' last two points are overruled.

The judgment of the trial court is affirmed.