In re SHELTER ENTERPRISES, INC., Debtor.

William McCHESNEY and John McChesney, t/d/b/a Chapel Gate Construction, Plaintiffs,

v.

Henry J. OWOC and Joan R. Owoc, his wife, Defendants.

Bankruptcy No. 86–1916.
Adv. No. 88–0008.

United States Bankruptcy Court, W.D. Pennsylvania.

May 10, 1989.

Gary H. Simone, Rishor & Simone, Butler, Pa., David J. Humphreys, Humphreys & Nubani, P.C., Counsel Pittsburgh, Pa., for defendants.

Jeffrey T. Morris, Plowman & Spiegel, Pittsburgh, Pa., for plaintiff/Chapel Gate.

J. Stevenson Suess, Butler, Pa., for debtor.

Joseph E. Schmitt, Chapter 11 Trustee, Stonecipher, Cunningham, Beard & Schmitt, Pittsburgh, Pa.

Stephen I. Goldring, Asst. U.S. Trustee, Pittsburgh, Pa.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court is Chapel Gate's *Motion For Reconsideration* and the Owocs' Response thereto. Specifically, they request a general reconsideration of this Court's decision not to subordinate the Owocs' claim pursuant to § 510 of the Bankruptcy Code. Alternatively, Chapel Gate requests that we modify our March 24, 1989 Opinion, 98 B.R. 224, to disallow two (2) judgment notes and the claims they represent; to disallow the claim arising from the satisfaction of Hartung's obligation; and a reduction of the $250,000.00 judgment in favor of the Owocs, to reflect this Court's previous disallowance of the $54,000.00 claim.

Owocs contend that if the judgment notes are to be disallowed, they should receive an opportunity to provide rebuttal evidence of their validity. Additionally, they allege that before the $54,000.00 claim is in any way deducted from the $250,-000.00 judgment, they should be provided an opportunity to adduce testimony showing the original debt was greater than we stated in our previous decision. These issues shall be addressed seriatim.

### A. *Equitable Subordination Generally*

This Court's previous decision of March 24, 1989 outlined the pertinent elements of proof required for equitable subordination under § 510(c). We originally determined that Owoc was not an insider. At the reconsideration hearing we received no testimony or argument to persuade us otherwise.

As Owoc was not an insider, we stated that Chapel Gate's burden of proof was heavier, i.e. we said it would be necessary to prove egregious conduct such as fraud, spoilation or overreaching, and to prove same with particularity. Chapel Gate provided no further information or argument to warrant a change of our prior decision.

### B. *$ 54,000.00 Claim*

Upon reconsideration, we have determined that the disallowance of the $54,-000.00 claim should be reflected in a reduction of the $250,000.00 judgment into which it was subsumed. We have performed the

necessary calculations based upon an initial indebtedness figure of $312,000.00, and find that the judgment should be reduced by $43,269.12, to a total of $206,730.88. In response to the Owocs' request, we see no reason to reopen the testimony. We have a summary of the debt, rendered in Owoc's own handwriting, indicating that $312,-000.00 is the appropriate figure. If Owoc had additional sums to include, he should have done so in his original action, not in response to this reconsideration motion.

Before discussing the other claims questioned by Chapel Gate, we think it appropriate to point out that our prior decision speaks directly to the issue, although Chapel Gate asserts an ambiguity exists. On page twelve (12) of our previous Opinion, the first full paragraph states:

> The claim for $54,000.00 plus interest is not a valid claim against this estate but rather a claim that Owoc may pursue against Rolek/Castle Homes Inc. in an appropriate venue. *All of the subsequent transactions were clearly between Owoc and the Debtor and are valid claims against this estate.*

(emphasis added).

While we acknowledge that we provided no express analysis of each individual claim, said critique was not provided as this was not an issue raised in the pleadings or at trial. As the parties in retrospect have created this question and additional litigation, we will provide the following discussion.

### C. $10,000.00 Judgment Note

■ Chapel Gate has voiced two (2) objections to this claim. Initially it questions the validity of the judgment because the Warrant of Attorney is not complete. We do not find this argument persuasive. The parties testified that this was in fact a judgment note for which they saw an obligation and a right to receipt. Since the "forms" in this case have been anything but proper, we choose to rely on the "substance" of the transactions as related by the parties' testimony.

■ Chapel Gate also asserts that this note, representing a returned deposit, was and is an invalid claim, because it repre-

sents an indebtedness of an entity other than the Debtor. On this point we also disagree. Rolek signed the note in his capacity as President of Shelter. The funds were originally received by Shelter as a deposit on a townhouse to be built by Northbrook Ltd. The sale was never completed and Rolek gave Owoc Shelter's note as a refund of the deposit. This is clearly a claim against this debtor's estate. At the reconsideration hearing we received no testimony or argument which dissuades us on this issue.

### D. $ 4,000.00 Judgment Note

Chapel Gate's only objection to this note is based upon the questionable validity as a result of an incomplete Warrant of Attorney. Our previous analysis, in Section C, is equally appropriate here.

### E. Hartung Assumption

■ The assumption of Hartung's $18,-239.09 obligation to Equibank was not a clear cut legal obligation of Shelter. However, Owoc was approached by Rolek in his capacity as President of Shelter, not by Hartung. Rolek advised Owoc that all of his previous advances to Debtor would be in serious jeopardy if the Hartung note continued in default. Owoc assumed the note to protect his prior disbursements by keeping Equibank at bay. As such, Shelter received a distinct benefit and accordingly, this represents a claim against Debtor's estate.

Chapel Gate provided no evidence which causes us to change our position on this issue.

An appropriate Order will be issued.

### ORDER OF COURT

AND NOW at Pittsburgh in said District this 10th day of May, 1989, in accordance with the foregoing Memorandum Opinion of this date evenwith, it is hereby ORDERED, ADJUDGED and DECREED that the judgment in favor of Henry J. Owoc and Joan R. Owoc is reduced from $250,-

000.00 to $206,730.88. The remainder of our prior Order remains unchanged.