**UNITED STATES of America, Plaintiff,**

v.

**Louis SERAFINI, et al., Defendants,**

v.

**LACKAWANNA REFUSE REMOVAL, INC., et al.**

No. 3:CV–86–1591.

United States District Court, M.D. Pennsylvania.

Dec. 20, 1991.

See also 750 F.Supp. 168.

Henry V. Kensing, Dynamics Corp. of America, Greenwich, Conn., for third-party defendant Anemostat Products, Div. of Dynamics Corp. of America.

---

Amil M. Minora, City Sol., Scranton, Pa., Steven J. Engelmyer, Beth Olanoff, Larry D. Silver, Hangley, Connolly, Epstein, Chicco, Foxman & Ewing, Philadelphia, Pa., for third-party plaintiff City of Scranton.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND

This is an action for injunctive relief and recovery of response costs pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606(a) and 9607(a), in connection with the Taylor Borough hazardous waste site located south of Scranton, Pennsylvania. The remedial action at the Taylor Borough site has been completed pursuant to a consent decree negotiated by the United States and several defendants. The United States is now seeking reimbursement of the outstanding costs it incurred in responding to the release of hazardous substances at the site from the remaining defendants, the City of Scranton ("Scranton") and Louis Serafini, Alfred Bernabei, Ernest Buttafoco, and Michael J. Naples, Jr., individually and trading as Empire Contracting Company.

■ On December 4, 1989, Scranton filed a third-party action against numerous defendants seeking contribution and indemnification under CERCLA and common law theories. Currently before the court is the motion of third-party defendant Dynamics Corporation of America, Anemostat Products Division ("Dynamics") for summary judgment.[1]

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact to be resolved. Fed.R.Civ.P. 56. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. The entire record must be examined in a light most favorable to the non-moving party. *Continental Insurance v. Bodie,* 682 F.2d 436, 438 (3d Cir.1982). If there is no genuine issue of material fact, summary judgment may be granted to the party entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

■ Since a motion for summary judgment is designed to go beyond the pleadings, factual specificity is required of a party who opposes such a motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986). Accordingly, in order to defeat a properly supported motion for summary judgment, a plaintiff may not merely restate the allegations of his complaint. *Farmer v. Carlson,* 685 F.Supp. 1335, 1339 (M.D.Pa.1988). Nor can a plaintiff rely on self-serving conclusions, unsupported by specific facts in the record. *Celotex Corp. v. Catrett,* supra, 477 U.S. at 322–23, 106 S.Ct. at 2552–53, 91 L.Ed.2d at 273. A plaintiff must point to concrete evidence in the record which supports each essential element of his case. *Id.* If the plaintiff fails to provide such evidence, then he is not entitled to a trial and the defendant is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(e).

### DISCUSSION

■ In its motion, Dynamics does not argue that it did not arrange for the disposal of hazardous substances at the Taylor Borough site in or around 1969 as alleged by Scranton. Instead, Dynamics argues that all of its disposal activities at the Taylor Borough site ceased prior to August 2, 1972; the date Dynamics filed a petition for an arrangement pursuant to the pre–1978 Bankruptcy Act. Dynamics maintains that since the arrangement was subse-

---

1. Dynamics also requests the alternative relief of dismissal based on Scranton's failure to answer interrogatories served on October 3, 1990. However, Dynamics did not file a motion to compel this discovery and apparently failed to notify Scranton that the answers were past due. Upon receipt of Dynamics' motion for summary judgment, Scranton discovered that it had inadvertently failed to answer the interrogatories and promptly notified Dynamics that it would provide the answers. The answers were served on March 14, 1991.

quently confirmed by the Bankruptcy Court on November 27, 1974, any CERCLA liability arising from the alleged disposal activities represents a dischargeable debt under the Bankruptcy Act.

For the purposes of this motion, Scranton does not dispute any of Dynamics' factual allegations. They do argue, however, that the arrangement does not discharge Dynamics of its CERCLA liabilities.

Under Section 371 of the former Bankruptcy Act, 11 U.S.C. § 771, a Chapter XI "arrangement" allowed a debtor to seek adjustment of unsecured debts. See generally *Securities and Exchange Commission v. American Trailer Rentals Company*, 379 U.S. 594, 605–06, 85 S.Ct. 513, 520, 13 L.Ed.2d 510, 517–18 (1965). Upon confirmation of an arrangement by the Bankruptcy Court, a debtor was discharged from "all his unsecured debts and liabilities provided for by the arrangement." 11 U.S.C. § 771 (repealed). Under this section, the discharges were limited to those debts and liabilities provided for by the arrangement. *World Scope Publishers, Inc. v. United States*, 348 F.2d 640, 641 (2d Cir.1965).

Dynamics contends that its liability to Scranton was discharged by paragraph 7(G) of the arrangement, as amended by the Bankruptcy Court's order of October 21, 1974, which states "[t]he Confirmation of this Arrangement shall discharge the Debtor from all its general unsecured debts and liabilities." However, as stated by Collier on Bankruptcy:

> In requiring that a debt be "provided for by the arrangement" in order to be discharged by confirmation, § 371 means that the plan must deal with that debt by providing for payment of some consideration to the holder of that debt. If a plan does not provide for the payment of some consideration for the modification or alteration of a creditor's rights, the debt owed to that creditor is not affected by the discharge which results from confirmation of the plan.

9 Collier on Bankruptcy ¶ 9.32[4], at 406 (14th ed. 1978).

Although ¶ 7(G) purports to discharge the claims of all general unsecured debts and liabilities, the arrangement could not have possibly discharged the CERCLA liability because such liability did not exist at the time the arrangement was confirmed and, consequently, there was no debt or liability to Scranton which could have been modified or altered by discharge. See *In the Matter of Penn Central Transportation Company*, 944 F.2d 164 (3d Cir.1991) (CERCLA claims, including claims for contribution and indemnification, against company which was reorganized under the bankruptcy laws were not barred by a consummation order issued in 1978 precluding future lawsuits against the reorganized debtor because the CERCLA claims did not exist on the consummation date).

Moreover, Dynamics' arrangement specifically provides for certain payments to "general claimants". Paragraph 3 of the arrangement defines a general claimant as "[a] general unsecured creditor, domestic or foreign, whose claim has been *proved and allowed.*" (emphasis added). Since CERCLA liability was not created until CERCLA's enactment in 1980, the liability alleged in the instant matter could not have been "proved and allowed" prior to the confirmation of the arrangement in 1974.

In addition, even if an arrangement "provided for" a debt or liability as required for discharge under Section 371, the debt or liability was not dischargeable unless it was also provable in bankruptcy. *Bizzell v. Hemingway*, 548 F.2d 505, 508 (4th Cir. 1977); *In re Gladding Corp.*, 20 B.R. 566, 568 (Bankr.D.Mass.1982); see 8 Collier on Bankruptcy ¶ 7.05[2] and 9 Collier on Bankruptcy ¶ 9.32[1]; 11 U.S.C. § 1(15) (repealed) (discharge is the release of a debtor from all of his debts which are provable in bankruptcy). Once again, in the instant matter, liability under CERCLA was not provable at the time the arrangement was confirmed by the Bankruptcy Court.

For all the aforementioned reasons, Dynamics' motion to dismiss will be denied.[2]

**2.** Based on the answers to interrogatories served on March 14, 1991, Dynamics argues in its reply brief that Scranton "has absolutely no evidence to establish that any waste, much less hazardous waste, from the [Dynamics] plant in Scranton, Pennsylvania was ever transported to the Site." By virtue of a rebuttal brief, Scranton has submitted documentation indicating that during the relevant period Dynamics employed refuse re-moval companies which utilized the Taylor Bor-ough site for waste disposal. The documentation also indicates that toluene, a hazardous substance used by Dynamics in its production process, was released at the site.

An examination of these facts in a light most favorable to the non-moving party, Scranton, undoubtedly creates a genuine issue of material fact. Accordingly, based on the record before the court summary judgment can not be granted.