[No. C020328. Third Dist. Nov. 1, 1995.]

LARRY F. BROOKS et al., Plaintiffs and Appellants, v.
DOUGLAS F. BINDERUP et al., Defendants and Respondents.

## Counsel

Terry C. Brooks for Plaintiffs and Appellants.

Porter, Scott, Weiberg & Delehant, James K. Mirabell, Dennis M. Beaty, McDonald, Saeltzer, Morris, Creeggan & Waddock, Jon S. Allin, Gregory R. Madsen, Michael J. Farley and Robert Zaro for Defendants and Respondents.

## Opinion

**BROWN, J.**—Larry F. Brooks, Yuba County Planning and Building Services Director, and Frank D. Ellis II, the deputy director, sued individual members of the 1993-1994 Yuba County Grand Jury claiming they were defamed in two grand jury reports about the operation of their department.

Plaintiffs cited Penal Code section 930,[1] and alleged the reports were not privileged because the grand jury returned no indictment against them.

Defendants moved for judgment on the pleadings, offering a multifaceted constitutional challenge to section 930. The gist of defendants' argument was that if the comments about plaintiffs were not privileged pursuant to section 930, and plaintiffs were free to sue them for defamation, other Penal Code sections requiring the secrecy of grand jury proceedings prevented them from mounting an effective defense. Defendants insisted that as public officials they would be unable to defend against allegations of actual malice because sections 924.1 and 924.2 prohibited disclosure of their state of mind during grand jury deliberations.

The trial court granted defendants' motion on grounds the statute, as applied, denied them due process. We reverse for reasons we shall explain.

DISCUSSION

I

*Secrecy and the Grand Jury's Watchdog Function*

The California Supreme Court detailed grand jury operations in *McClatchy Newspapers* v. *Superior Court* (1988) 44 Cal.3d 1162 [245 Cal.Rptr. 774, 751 P.2d 1329]. It also acknowledged the tension between the need for secrecy and the risk individuals and public officials might be wrongfully criticized in grand jury reports.

"The California grand jury has three basic functions: to weigh criminal charges and determine whether indictments should be returned (§ 917); to weigh allegations of misconduct against public officials and determine whether to present formal accusations requesting their removal from office (§ 922; see Gov. Code, § 3060 et seq.); and to act as the public's 'watchdog' by investigating and reporting upon the affairs of local government (e.g., §§ 919, 925 et seq.)." (*McClatchy Newspapers* v. *Superior Court, supra*, 44 Cal.3d at p. 1170.) The watchdog role is the one most often played by the modern grand jury in California (*ibid.*), and is the function involved in this appeal.

Historical records suggest California grand juries exercised their watchdog function from the time of statehood. (Olson, The California Grand Jury:

---

[1]Penal Code section 930 provides: "If any grand jury shall, in the report [on its investigation of county operations], comment upon any person or official who has not been indicted by such grand jury such comments shall not be deemed to be privileged."

All statutory references are to the Penal Code unless otherwise indicated.

An Analysis and Evaluation of Its Watchdog Function (1965 master's thesis) pp. 69-70.) In 1880, the Legislature officially expanded the duties of grand juries to include investigation of county government. (Code Amends. 1880 (Pen. Code) ch. 109, § 1, p. 43; Petersen, *The California Grand Jury System: A Review And Suggestions For Reform* (1974) 5 Pacific L.J. 1, 4.) An 1897 amendment to former section 928 provided "that if any grand jury shall, in the report above mentioned, comment upon any person or official who has not been indicted by the said grand jury, the said comments shall not be deemed to be privileged." (Stats. 1897, ch. 142, § 2, p. 205.) There has been no material change in the language of the statute since its adoption 98 years ago. (Stats. 1911, ch. 200, § 1, p. 373; Stats. 1917, ch. 119, § 1, p. 167; Stats. 1919, ch. 112, § 1, p. 157; Stats. 1923, ch. 177, § 1, pp. 419-420; Stats. 1929, ch. 287, § 1, pp. 590-591; Stats. 1943, ch. 93, § 1, pp. 798-799; Stats. 1955, ch. 1297, § 1, pp. 2368-2369; Stats. 1957, ch. 1364, § 1, p. 2699; Stats. 1959, ch. 501, § 2, p. 2450 [adding new § 930].) Nothing in the historical accounts or legislative materials indicates the comments addressed in section 930 and former section 928 were privileged before 1897.

The normal end product of the grand jury's activity is a final report which contains the findings and recommendations on subjects of its investigations. (*McClatchy Newspapers* v. *Superior Court, supra,* 44 Cal.3d at p. 1171; § 933, subd. (a).) The grand jury submits its report on county government matters to the presiding judge of the superior court. (§ 933, subd. (a).) Although the court may, in limited circumstances, refuse to file a grand jury report, " '[t]he court has no authority either to impose its own views on the grand jury or to suppress a report simply because it considers it ill-advised, insufficiently documented *or even libelous.*' " (*McClatchy Newspapers* v. *Superior Court, supra,* 44 Cal.3d at pp. 1171-1172, quoting *People* v. *Superior Court (1973 Grand Jury)* (1975) 13 Cal.3d 430, 439 [119 Cal.Rptr. 193, 531 P.2d 761], italics added.)

The secrecy of grand jury proceedings is deeply rooted in legal tradition. (*McClatchy Newspapers* v. *Superior Court, supra,* 44 Cal.3d at p. 1173.) The California Legislature incorporated this tradition into the Penal Code. (*Ibid.*) Under the oath administered to grand jurors, each makes the following promise: "I will not disclose any evidence brought before the grand jury, nor anything which I or any other grand juror may say, nor the manner in which I or any other grand juror may have voted on any matter before the grand jury." (§ 911.) Willful disclosure of evidence, deliberations, or votes of grand jurors is a misdemeanor. (§ 924.1.)

The need for secrecy is vital when the grand jury pursues its criminal indictment function. It is also important when the grand jury conducts a

watchdog investigation of local government operations. "Compared with indictment proceedings, the efficacy and credibility of watchdog investigations no less require that witnesses testify without fear of reproach by their peers or their superiors. Though the watchdog investigation and report serve a different social purpose than the criminal indictment, eliciting candid testimony is obviously critical to both functions of the grand jury." (*McClatchy Newspapers* v. *Superior Court, supra,* 44 Cal.3d at p. 1175.) Secrecy protects the reputations of individuals who are unjustly accused in the course of an investigation. (*Id.* at p. 1176.)

However, courts and commentators have long recognized the vulnerability of unindicted individuals who are openly criticized in grand jury reports. (See, e.g., Comment, *Legality of the Grand Jury Report* (1954) 52 Mich. L.Rev. 711; Note, *The Grand Jury Report as an Infringement of Private Rights* (1972) 23 Hastings L.J. 561, 572-575; and Kuh, *The Grand Jury "Presentment": Foul Blow or Fair Play?* (1955) 55 Colum. L.Rev. 1103; and cases cited in those articles.) An indictment charges the individual with a violation of a known and certain public law; it is the first step in a series of proceedings in which the accused may exercise the right to a public trial, jury, counsel, confrontation of witnesses, and, if convicted, to an appeal. " 'A report, on the contrary, based as it is upon the grand jury's own criteria of public or private morals, charges the violation of subjective and unexpressed standards of morality and is the first and last step of the judicial process. It is at once an accusation and a final condemnation, and, emanating from a judicial body occupying a position of respect and importance in the community, its potential for harm is incalculable.' " (*McClatchy Newspapers* v. *Superior Court, supra,* 44 Cal.3d at p. 1176, quoting *Wood* v. *Hughes* (1961) 9 N.Y.2d 144 [212 N.Y.S.2d 33, 39-40, 173 N.E.2d 21].)

In this context, section 930 provides a remedy for unindicted individuals wrongfully targeted for criticism in a grand jury report. (*McClatchy Newspapers* v. *Superior Court, supra,* 44 Cal.3d at p. 1177.) In *Gillett-Harris-Duranceau & Associates, Inc.* v. *Kemple* (1978) 83 Cal.App.3d 214, 222-223 [147 Cal.Rptr. 616], the court rejected the claim section 930 resulted in an unconstitutional impairment of judicial privilege. Recognizing there was no forum in which an individual criticized by the grand jury could present his or her version of the facts, the court concluded there was "ample justification for the Legislature's decision to enact section 930 and thereby eliminate the claim of privilege in connection with the grand jury's report on local government." (83 Cal.App.3d at pp. 222-223.) However, the judicial privilege remains in place to protect grand jurors from civil liability when they are conducting investigations pursuant to their constitutional authority to indict. (*Id.* at pp. 221-222.)

We turn now to the specific constitutional issues raised in this appeal.

## II

### *Substantive Due Process*

■ The parties agree the federal and state Constitutions guarantee that the state may not deprive individuals of life, liberty, or property without due process of law. Defendants convinced the trial court section 930 was unconstitutional as applied because it unfairly exposed them to civil liability. Responding to plaintiffs' arguments in this appeal, they insist "numerous life, liberty, and property interests of the grand jurors are severely impacted by the Legislature's removal of the judicial privilege." Defendants also state that "[i]n essence, grand jury reports on the affairs of local government are public improvements, the cost of which should be distributed throughout the community."

The trial court's ruling ignores several flaws in defendants' argument. The "cost" of an allegedly defamatory grand jury report is not, in fact, distributed through the community. Defendants acknowledge Yuba County does not provide indemnification to grand jurors.

If the cost in defendants' analogy is the damage to reputation caused by the grand jurors' defamatory comments, that cost is borne by the individuals targeted in the report. Those individuals are powerless to prevent a grand jury investigation and, given the statutes mandating secrecy, lack access to information they might otherwise use to clear their names. The Legislature balanced the costs to the target of grand jury criticism against the costs to grand jurors, that is, the expense of defending against a defamation action and the risk of potential judgment against them. By eliminating the judicial privilege in these circumstances, section 930 encourages grand jurors to proceed cautiously when commenting on the conduct of unindicted individuals and public officials.

Thus, defendants may not blame their troubles on section 930. After the grand jury is impaneled, a superior court judge instructs the grand jurors on their powers, duties, and responsibilities, including those set forth in section 930. (§ 914.1.)[2] We presume the superior court performed its duty pursuant to section 914.1 and informed defendants that comments in grand jury

---

[2]Section 914.1 provides: "When a grand jury is impaneled, for purposes which include the investigation of, or inquiry into, county matters of civil concern, the judge of the superior court of the county, in addition to other matters requiring action, shall call its attention to the provisions of Chapter 1 (commencing with Section 23000) of Division 1 of Title 3, and Sections 24054 and 26525 of the Government Code, and instruct it to ascertain by a careful

reports pertaining to unindicted individuals are not privileged. (Evid. Code, § 664.) Having been so informed, defendants acted at their own peril when they included in their reports comments criticizing plaintiffs' conduct. We conclude there was no violation of substantive due process.

## III

### *Procedural Due Process*

■ The parties also agree that procedural due process encompasses the constitutional right to notice, to confront and cross-examine witnesses, and to be heard in a meaningful way. Plaintiffs challenge defendants' argument, apparently accepted by the trial court, that section 930 deprives defendants of the right to procedural due process because other statutes prevent them from exercising their fundamental right to offer relevant and competent evidence in defense of plaintiffs' defamation claims.

Nothing in section 930 specifically denies defendants the right to defend against allegations of defamation; it merely removes the grand jury's privilege to defame in these circumstances. Although grand jurors may not disclose evidence brought before the grand jury or the content of grand jury deliberations, there are other sources of evidence to prove the truth of the grand jurors' comments and defend against allegations of malice. Indeed, the grand jury report itself provides a framework for discovery of evidence relevant to that issue. Common sense suggests that employees of the Yuba County Planning and Building Department have knowledge of plaintiffs' conduct. Department documents might also aid in the defense. In addition, the grand jury foreman and district attorney may jointly request a public grand jury session. (§ 939.1.) The court may grant the request if it finds "the subject matter of the investigation affects the general public welfare, involving the alleged corruption, misfeasance, or malfeasance in office or dereliction of duty of public officials or employees or of any person allegedly acting in conjunction or conspiracy with such officials or employees in such alleged acts, . . ." (*Ibid.*)

We conclude the court erred in ruling section 930 deprived defendants of procedural due process. We do not address the propriety of enforcing grand

and diligent investigation whether such provisions have been complied with, and to note the result of such investigation in its report. *At such time the judge shall also inform and charge the grand jury especially as to its powers, duties, and responsibilities under* Article 1 (commencing with Section 888) of Chapter 2, and Article 2 (*commencing with Section 925*), Article 3 (commencing with Section 934) of this chapter, Article 3 (commencing with Section 3060) of Chapter 7 of Division 4 of Title 1 of the Government Code, and Section 17006 of the Welfare and Institutions Code." (Italics added.)

jury secrecy statutes in this context because the issue is not presented in this appeal.

## IV

### *Equal Protection*

Having concluded there was no due process violation, we consider and reject defendants' other constitutional claim. Defendants assert section 930 is unconstitutional because it treats grand jurors differently than all other civil litigants. "This is because it exposes them to legal action under circumstances which deny them the fundamentally fair trial which is available to all other civil defendants." We decline to assume the legislative function and create grand jury immunity where none has ever existed before. Moreover, it is for the Legislature to weigh the competing interests to determine whether, as a matter of policy, the tradition of grand jury secrecy should be abandoned in these circumstances. Given the present statutory scheme, we conclude plaintiffs' cause of action was sufficient to survive a motion for judgment on the pleadings.

### DISPOSITION

The judgment is reversed. Plaintiffs shall receive costs on appeal.

Raye, J., concurred.

**SIMS, Acting P. J.**—I concur in Justice Brown's scholarly opinion. I write separately to point out some other problems with defendants' position in this case.

Having been sued for defamation, defendants suggest a basic unfairness in the way statutes governing a grand jury apply to them. On the one hand, the statutes prohibit them from disclosing evidence adduced before the grand jury. (E.g., Pen. Code, § 924.1.)[1] This prohibition limits their defense, particularly as it disenables them from showing a lack of malice. On the other hand, section 930 provides, in the circumstances present here, that comments made in their grand jury report shall not be privileged, so defendants may be held liable. In essence defendants complain it is unfair that they can be sued but cannot defend themselves.

Theoretically, there are two possible remedies to the unfairness claimed by defendants: (1) permit disclosure of evidence received by the grand jury

---

[1]Further nondescript statutory references are to the Penal Code.

and considered by it in preparing the subject report, or (2) immunize the grand jurors from liability. In this proceeding, defendants have focused exclusively on the second remedy. In my view, their argument is untenable, for reasons that follow.

Defendants implicitly argue that the invalidation of section 930 would leave them with a privilege or would otherwise immunize them from liability. This argument is unsound. The reports of a grand jury, performing its watchdog function over local government, have never been subject to a privilege in this state, nor have grand jurors issuing such a report been immunized from claims of defamation.

Defendants argue that immunity for such a report may be found in *Irwin* v. *Murphy* (1933) 129 Cal.App. 713 [19 P.2d 292]. However, that case did not involve the "watchdog" power of the grand jury; rather, there the report was issued as an incident of the grand jury's power to indict. "[A]n important distinction must be made between a grand jury's authority to indict and its authority to exercise a 'watchdog' function in matters of local government. The latter activity is a unique creature of the California Legislature, which has a long and well respected heritage. [Citation.] Since the grand jury's power to investigate and report on matters pertaining to local government is a creature of statute, the Legislature is at liberty to impose reasonable limitations upon the exercise of this watchdog function. Section 930 imposes such a limitation." (*Gillett-Harris-Duranceau & Associates, Inc.* v. *Kemple* (1978) 83 Cal.App.3d 214, 221 [147 Cal.Rptr. 616].)

Thus, defendants ask us to do more than simply invalidate section 930. In essence, they ask us to *create* a privilege or an immunity where none has ever existed in this state. In my view, there is no convenient doctrine of privilege or immunity that will support defendants' request. The logical doctrinal candidate would be judicial immunity, upon the theory that the grand jury is a part of the judicial system and is therefore entitled to traditional judicial immunity. (See *Turpen* v. *Booth* (1880) 56 Cal. 65, 69.) However, "[T]he grand jury's function of investigating and reporting on local government is not inherently a part of the judicial system." (*Gillett-Harris-Duranceau & Associates, Inc.* v. *Kemple, supra*, 83 Cal.App.3d at p. 222.)

Thus, defendants ask us to create a new privilege or immunity out of whole cloth. In my view, this task is not an appropriate judicial function but is rather reserved to the Legislature, which, by enactment of section 930, has expressly rejected the relief defendants seek.

Even if this court were properly empowered to create a privilege or immunity for the grand jurors' report, I would not do so. One who is

defamed by a grand jury report has no viable remedy other than a lawsuit: "[T]here is no forum in which an individual who has been unfavorably mentioned by the grand jury may present his version of the facts." (*Gillett-Harris-Duranceau & Associates, Inc.* v. *Kemple, supra,* 83 Cal.App.3d at p. 222.)

At the outset, I posited two ways to remedy the unfairness claimed by defendants: (1) permit disclosure of grand jury evidence, or (2) immunize the grand jurors. Defendants have made no claim as to the first remedy, which, in my view, would require a fact-specific request in the trial court. Consequently, that issue is not before us. However, I note that section 924.1 prohibits disclosure of grand jury evidence "except when required by a court." I also note that constitutional due process may require the production of evidence ordinarily protected from disclosure by statute. (See, e.g., *Pennsylvania* v. *Ritchie* (1987) 480 U.S. 39 [94 L.Ed.2d 40, 107 S.Ct. 989]) Whether these concepts may be applied to authorize the defendants to reveal evidence adduced before the grand jury must await the day when such a claim has been properly tendered.

A petition for a rehearing was denied November 29, 1995, and respondents' petitions for review by the Supreme Court were denied February 22, 1996. Mosk, J., and Kennard, J., were of the opinion that the petitions should be granted.