TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 97-1210 |
| of | : | |
| | : | June 2, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE BERNIE RICHTER, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

Is a county required to provide indemnification and defense for grand jurors sued for statements made within the scope of their reporting duties that are contained in a final grand jury report?

CONCLUSION

A county is required to provide indemnification and defense for grand jurors sued for statements made within the scope of their reporting duties that are contained in a final grand jury report.

ANALYSIS

An action at law for civil liability against an officer or employee of a public entity, including a county, is controlled by the provisions of the California Tort Claims Act (Gov. Code, §§ 810-996.6; "Act"). **Footnote No. 1** The Act prescribes the substantive liabilities and immunities of (§§ 810-895.8), the procedures for initiating claims against (§§ 900-935.6), and the entitlement to defense of (§§ 995-996.6) **Footnote No. 2** and indemnification for (§§ 825-825.6) public employees.

For purposes of the Act, section 810.2 defines the term "employee" to include officers and uncompensated servants: "'Employee' includes an officer, judicial officer as defined in Section

327 of the Elections Code, employee, or servant, whether or not compensated, but does not include an independent contractor." **Footnote No. 3** Thus, we have determined that the members of a board, commission, committee, or similar body established by the Constitution or by statute are employees entitled to defense and indemnification. (See, e.g., 57 Ops.Cal.Atty.Gen. 358 (1974); 47 Ops.Cal.Atty.Gen. 163 (1966); 43 Ops.Cal.Atty.Gen. 209 (1964).)

The question presented for resolution is whether a county is required to defend and indemnify grand jurors when sued with respect to statements contained in a final grand jury report. Grand jurors are employees as defined in section 810.2, but are they employees of a *county* so as to require the county to represent them? **Footnote No. 4** It has been suggested that grand jurors are employees of the state. We conclude that grand jurors are county employees for purposes of the Act.

A "grand jury is a 'judicial body'" and is "an instrumentality of the courts of this state. . . .' (*In re Shuler* (1930) 210 Cal. 377, 405 . . . .)" (*People* v. *Superior Court (1973 Grand Jury)*, *supra*, 13 Cal.3d at 438; accord, *McClatchy Newspapers* v. *Superior Court*, *supra*, 44 Cal.3d at 1171; see 67 Ops.Cal.Atty.Gen. 519, 520 (1984).) It has a "basic judicial nature." (*McClatchy* v. *Superior Court*, *supra*, 44 Cal.3d at 1171.)

As explained in *McClatchy Newspapers* v. *Superior Court*, *supra*, 44 Cal.3d at 1170, a grand jury has three functions:

"The California grand jury has three basic functions: to weigh criminal charges and determine whether indictments should be returned ([Pen. Code,] § 917); to weigh allegations of misconduct against public officials and determine whether to present formal accusations requesting their removal from office ([Pen. Code,] § 922; see Gov. Code, § 3060 et seq.); and to act as the public's 'watchdog' by investigation and reporting upon the affairs of local government (e.g., [Pen. Code,] §§ 919, 925 et seq.)."

The present inquiry concerns solely the "watchdog" function of a grand jury. In California, the grand jury's role to investigate and report upon "the operations of a variety of local governmental activities has a long and respected heritage." (*People* v. *Superior Court (1973 Grand Jury)*, *supra*, 13 Cal.3d at 436, fn. omitted.) This "watchdog role is by far the one most often played by the modern grand jury in California. [Citations.]" (*McClatchy Newspapers* v. *Superior Court*, *supra*, 44 Cal.3d at 1170.)

The end product of a grand jury's watchdog activity is a final report that contains the findings and recommendations on subjects of its investigations; the grand jury submits its report on county government matters to the presiding judge of the superior court. (Pen. Code, § 933, subd. (a); *McClatchy Newspapers* v. *Superior Court*, *supra*, 44 Cal.3d at 1170-1171, 1180; *Brooks* v. *Binderup* (1995) 39 Cal.App.4th 1287, 1291.)

A grand jury's final report may contain alleged defamatory statements against named individuals who would have the right to sue the grand jurors for defamation. (See Pen. Code, § 930; *McClatchy* v. *Superior Court*, *supra*, 44 Cal.3d at 1176-1177; *Brooks* v. *Binderup*, *supra*,

39 Cal.App.4th at 1292; *Gillett - Harris - Duranceau & Associates, Inc.* v. *Kemple* (1978) 83 Cal.App.3d 214, 217-219.) Must the county defend such lawsuits?

In 76 Ops.Cal.Atty.Gen. 70 (1993), we concluded that the officers of the local courts, including the superior courts, are employees of the state rather than county employees for purposes of the auditing authority of a grand jury. Our conclusion was predicated upon an analysis of both the Brown-Presley Trial Court Funding Act (§§ 77000-77400), which recently shifted the costs of operating the local court system from the counties to the state (§ 77200), and the Trial Court Reorganization and Realignment Act (§ 68112), requiring audits and reports to the state (§§ 68113, 68520, 77206). Neither of these statutory schemes, however, has any application to the financing of the operations of a grand jury (see §§ 68520, subd. (a); 77006.5; 77003, subd. (a)(7)) or to the issue of whether grand jurors are county employees for purposes of the Act.

In 68 Ops.Cal.Atty.Gen. 127 (1985), we concluded that for purposes of the Act, a retired judge sitting by assignment as a judge of a superior, municipal, or justice court is an employee of the county. After quoting at length from *Villanazul* v. *City of Los Angeles* (1951) 37 Cal.2d 718, we observed "that officers and attaches of the municipal court may be considered for many purposes as employees of the county. [Citations.]" (*Id.*, at p. 132.)

In *Villanazul* v. *City of Los Angeles*, *supra*, 37 Cal.2d 718, the Supreme Court ruled that a deputy marshal of a municipal court is an employee of the county for purposes of the Act. The court explained in part:

"It must be conceded at the outset that a municipal court is a part of the judicial system of the state, and the constitution or control of such courts, except only the question as to whether one shall be established in a given locality, is a state rather than a municipal affair. [Citation.] It does not follow, however, that a municipal court is an agency of state government, as distinguished from county or city government, in the sense that a deputy marshal is a state employee. . . .

"The fact that the Legislature created the office of deputy marshal and prescribed the duties and salary of the position does not fix the status of such a person as a state, rather than a county or city employee. The Legislature creates many and varied offices or positions of local government, with specified duties and salaries. [Citation.] The clerk of a city justice's court comes within this category but is an officer of the county government. [Citation.]

"The constitutional and statutory provisions authorizing and governing municipal courts, considered in connection with the purpose and effect of the establishment of such courts, lead to the conclusion that they have been impressed with a local character. . . ." (*Id.*, at pp. 722-723.)

Similarly, here, the watchdog function of a grand jury is "impressed with a local character" for purposes of the Act. Its investigative and reporting duties with respect to the administration and fiscal operations of county officers, departments, and operations (Pen. Code, §§ 888, 893, 914.1, 925, 928, 933; 76 Ops.Cal.Atty.Gen., *supra*, 71-72) are local in nature. Significantly, a grand jury's funds, expenses, and fees are set by the county's board of supervisors and paid out of

the county's general fund. (§ 68091; Pen. Code §§ 890, 890.1, 914.5.) Grand jurors must accordingly be considered employees of the county, rather than of the state, for purposes of the Act. **Footnote No. 5**

We conclude that a county is required to provide indemnification and defense for grand jurors sued for statements made within the scope of their reporting duties that are contained in a final grand jury report.

\* \* \* \* \*

---

**Footnote No. 1**
Unidentified section references herein are to the Government Code.
**Footnote No. 2**
Section 995.2 specifies conditions under which a public entity may refuse to provide a defense, including a determination by the public entity that the act or omission of the employee was not within the scope of employment. The present inquiry assumes that the act or omission in question falls within the grand jury's scope of employment. (See *McClatchy Newspapers* v. *Superior Court* (1988) 44 Cal.3d 1162, 1172; *People* v. *Superior Court (1973 Grand Jury)* (1975) 13 Cal.3d 430, 440-442.)
**Footnote No. 3**
Elections Code section 327 defines a judicial officer as "any Justice of the Supreme Court, justice of a court of appeal, judge of the superior court, judge of a municipal court, or judge of a justice court."
**Footnote No. 4**
Grand jurors may not be considered to be independent contractors for purposes of the Act. (See *Hinman* v. *Westinghouse Elec. Co.* (1970) 2 Cal.3d 956, 960; *Gonzalez* v. *Workers' Comp. Appeals Bd.* (1996) 46 Cal.App.4th 1584, 1589-1590; *Briggs* v. *Lawrence* (1991) 230 Cal.App.3d 605, 617-618; *Chavez* v. *Sprague* (1962) 209 Cal.App.2d 101, 109-111.)
**Footnote No. 5**
The fact that a county may have failed to provide its grand jurors with indemnification in the past (see *Brooks* v. *Binderup*, *supra*, 39 Cal.App.4th at 1293) does not affect our determination that grand jurors are employees of a county as the term "employee" is defined in section 810.2.

---